**Marie B. ARTHUR et al.**

v.

**Hiram SCHOONFIELD, Warden.**

Civ. No. 70–834.

United States District Court,
D. Maryland.

July 23, 1970.

Michael Millemann, Elsbeth L. Bothe, and Robert G. Fisher, Baltimore, Md., for petitioners.

Francis B. Burch, Atty. Gen. of Maryland, and Alfred J. O'Ferrall, III, Asst. Atty. Gen., for respondent.

Before THOMSEN and HARVEY, District Judges.

PER CURIAM.

This proceeding has been filed by 43 inmates of the Baltimore City Jail, who are serving sentences imposed by various judges of the Municipal Court of Baltimore City.

All have joined in a single petition seeking the issuance by this Court of a writ of habeas corpus. They allege that each petitioner was convicted in the Municipal Court and sentenced to a flat jail sentence, to be "suspended" upon the payment of a specified fine and court costs, and that they are now confined in the Baltimore City Jail because of their inability to pay the fine and costs imposed. They claim that such a sentence is unconstitutional and deprives them of the benefits of Chapter 147 of the Laws of Maryland, 1970.[1]

Commitments attached to the petition vary in that (a) in some instances the

1. In particular, they claim that:

"(a) The sentences imposed in these cases denied Petitioners equal protection of the laws in contravention of the Fourteenth Amendment to the United States Constitution since, by 'suspending' a sentence upon the payment of a fine and court costs and treating this sentence as outside the scope of Chapter 147 of the 1970 Laws of Maryland, the lower Court arbitrarily denied all Petitioners the benefit of receiving credit for time served at the rate of ten (10) dollars a day while extending this benefit to other defendants. See, Kelly v. Schoonfield, 285 F. Supp. 732 (D.Md.1968).

"(b) The sentences imposed in these cases deny Petitioners liberty without due process of law since Petitioners were not, upon information and belief, given a hearing on the issue of their indigency prior to sentencing, as required by Morris v. Schoonfield, 301 F.Supp. 158 (D.Md.1969) and because Petitioners were given no opportunity to obtain the money necessary to pay the fine and court costs.

"(c) The sentences imposed in these cases deny Petitioners equal protection of the laws since a condition of all suspended sentences was that Petitioners pay court costs as well as a fine. See Exhibits B–1, et seq. This runs afoul of this Court's decision in Kelly v. Schoonfield, 285 F.Supp. 732 (D.Md.1968).

"(d) The sentences imposed in these cases deny Petitioners a right guaranteed by State law; the right to receive credit for time served at the rate of ten (10) dollars a day guaranteed by Chapter 147 of the 1970 Laws of Maryland. The imposition of the sentences in these cases also violates the principle announced by the Maryland Court of Appeals in Kelly v. State, 151 Md. 87 [133 A. 899] (1926) and Finnegan v. State, 4 Md.App. 396, N. 3 [243 A.2d 36] (1968), that imposition of a pecuniary penalty is not consistent with the suspension of a sentence."

form was filled out to show a jail sentence, e.g. 30 days, without a fine, but a stamp on the Commitment was filled out to read "30 days in Baltimore City Jail; SUSPENDED upon payment of $100.00 fine $10.00 costs and $ * * * restitution within * * * days"; and (b) in other instances the form itself was adapted to read in the same way as the stamp in example (a). In none of the Commitments supplied has the blank space before the word "days" been filled in so as to give the defendant involved time to pay the fine and costs imposed.

It appears that in none of the cases of these petitioners was both a fine and a prison sentence imposed, with the service of the prison sentence being suspended and the petitioner placed on probation on condition that he pay the fine in a lump sum or in instalments within a specified time. It does not appear from the Commitments attached to the petition that any of the petitioners received a hearing concerning his ability to pay the fine forthwith, or that there was any determination that the defendant was unwilling, rather than unable because of indigency, to pay the fine specified as the condition for the suspension of the jail sentence.

None of the petitioners is receiving credit for time being served at the minimum rate of ten dollars a day;[2] instead, all are being required to serve the full period of time to which they were sentenced. The jail sentence is, in every case, longer than the period of time the petitioner would have had to serve if he had received credit for time served at the rate of ten dollars a day. In all but four of the cases, petitioners would have been released by the date of the filing of the petition (July 16) if they had received credit for time served at the rate of ten dollars a day. Under the Commitments petitioners may be released short of serving the full sentence imposed only if they pay the full amount of the fine and (in many cases) court costs that have been made a condition of suspension of the prison sentence.

On behalf of respondent, the Attorney General of Maryland has filed an answer to the show cause order entered herein by this Court, admitting the essential facts alleged. Respondent urges that this petition should be dismissed because petitioners have failed to exhaust available state remedies. Respondent further denies that the sentences imposed are unconstitutional or violative of any provision of state law.

On April 15, 1970, Chapter 147 of the Laws of Maryland, 1970, became effective. That Act repealed and reenacted with amendments Article 38, §§ 1 and 4; Art. 26, §§ 113(b) and 113(c); Art. 5, § 39, and Art. 66½, § 1340 of the Maryland Code, "eliminating imprisonment for non-payment of costs of criminal prosecutions and eliminating such costs as part of any penalty, amending the law generally with regard to the payment of fines and commitment for non-payment thereof, providing for the limitation, or elimination of, fines in certain circumstances and for the resentencing in certain circumstances of defendants sentenced to pay fines, making the provisions of Section 4 of Article 38 as hereby amended applicable uniformly throughout the State and repealing all acts inconsistent therewith to the extent of such inconsistency."

Article 38, § 4, as so amended, provides as follows:

"4.

(a) When a court (including the Circuit Court for any County, the Criminal Court of Baltimore, the Municipal Court of Baltimore City, a People's Court or Trial Magistrate) imposes a fine upon an individual, the court may direct as follows:

(1) that the defendant pay the entire amount of the fine at the time sentence is imposed; or

(2) that the defendant pay the fine in specified portions or installments at designated periodic intervals, and in such case may direct that the fine be

---

2. See § 4(b) (1), Chapter 147 of the Laws of Maryland, 1970.

remitted to a probation agency or officer, who shall report to the court in the event of any failure to comply with the order; or

(3) where the defendant is sentenced to a period of probation as well as a fine, that payment of the fine be a condition of the sentence.

(b) If the defendant fails to pay the fine as directed (and costs shall not constitute a part of any fine), or if he is unable to pay the fine and so represents upon application to the court, the court, after inquiring into or making such further investigation, if any, which it may deem necessary with regard to the defendant's financial and family situation and the reasons for non-payment of the fine, including whether such non-payment was contumacious or was due to indigency, may enter any order which it could have entered under subsection (a) of this section, or may reduce the fine to an amount which the defendant is able to pay, or may direct that the defendant be imprisoned until the fine (or any portion of it remaining unpaid or remaining undischarged after a pro rata credit for any time which may already have been served in lieu of payment) is paid; and the court shall determine and specify, in the light of the defendant's situation and means and of his conduct with regard to the nonpayment of the fine, the period of any imprisonment in default of payment of the fine, subject to the following limitations:

(1) In no event shall such period of imprisonment exceed one day for each ten dollars ($10.00) of the fine.

(2) Where the fine was imposed for an offense subject to punishment by imprisonment or fine, or both, such period shall not exceed one-third of the maximum term authorized by statute or ordinance for such offense or ninety (90) days, whichever may be less.

(3) Where the fine is imposed for an offense for which imprisonment is not an authorized penalty (whether by statute or ordinance or by common law) in the absence of default in payment of a fine, such period shall not exceed fifteen days.

(4) Where a sentence of imprisonment as well as a fine was imposed, the aggregate of such term and of the original sentence of imprisonment shall not exceed the maximum authorized term of imprisonment.

(c) Unless discharged by payment or service of imprisonment in default of a fine, a fine may be collected in the same manner as a judgment in a civil action. Costs may be collected in the same manner as a judgment in a civil action, but shall not be deemed part of the penalty, and no person shall be imprisoned under this section in default of payment of costs.

(d) All periods of confinement imposed under the provisions of this section because of nonpayment of two or more fines shall run concurrently unless it shall be specified by the court that said periods shall run consecutively."

It is clear that the new statute was carefully drawn to meet the constitutional standards set out in the opinions of this Court in Kelly v. Schoonfield, 285 F. Supp. 732 (1968), in Morris v. Schoonfield, 301 F.Supp. 158 (1969), and in the various cases cited therein, particularly United States ex rel. Privitera v. Kross, 239 F.Supp. 118 (S.D.N.Y.1965), aff'd 345 F.2d 533 (2 Cir. 1965), cert. den. 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163 (1965). The judgment of this Court in Morris v. Schoonfield was vacated and the case remanded for reconsideration in light of the aforementioned Chapter 147 of the 1970 Laws of Maryland and the decision of the Supreme Court in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Morris v. Schoonfield, 399 U.S.

508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (June 29, 1970).[3]

The new statute provides a variety of possible sentences and procedures to achieve the objective approved by this Court in the *Kelly* and *Morris* cases and not disapproved by the Supreme Court in Williams v. Illinois, *supra*, which was stated by this Court as follows:

> "\* \* \* The commitment of convicted defendants who default in the payment of their fines, whether from inability or unwillingness to pay, imposes a burden upon a defined class to achieve a permissible end in which the State has a vital interest; i.e., that persons who are found guilty of breaking the laws shall receive some appropriate punishment, to impress on the offender the importance of observing the law, in the hope of reforming him, and to deter the offender and other potential offenders from committing such offenses in the future. \* \* \*" 285 F.Supp. at 737; 301 F. Supp. at 162.

However, the new statute places certain clear limitations on sentencing courts in Maryland, in order to avoid serious constitutional problems and to meet present-day standards.[4] One such limitation prevents imprisonment for non-payment of costs. Art. 38, § 4(b). Another requires the sentencing court, by inquiry or such further investigation as may be deemed necessary, to determine the reasons for the non-payment of a fine before committing a defendant for such non-payment and gives such court considerable leeway in tailoring the sentence to fit the particular situation within the limitations set out in § 4(b) (1) to (4) inclusive, including the power under § 4(a) (2) to order the fine paid in instalments. Art. 38, § 4(b).[5]

One of the alternatives open to a sentencing court is provided in § 4(a) (3), which authorizes the court to direct "where the defendant is sentenced to a period of probation as well as a fine, that payment of the fine be a condition of the sentence". This provision permits a Maryland court, when the imposition of a prison sentence or the service of a prison sentence is suspended and the defendant placed on probation, to include a fine as a part of the sentence and to make the payment of the fine a condition of probation. The Court may require that the fine be paid promptly, or in instalments. However, under Maryland law, probation cannot be revoked without first giving the offender a hearing. Crenshaw v. State, 222 Md. 533, 161 A.2d 669 (1960); Swan v. State, 200 Md. 420, 90 A.2d 690 (1952); M.L. E., Criminal Law, § 517. The new Maryland statute now makes it clear that a court cannot at such a hearing revoke probation for non-payment of a fine and send the defendant to prison without first giving the defendant an opportunity to show that he is unable to pay the fine, and if so why. Art. 38, § 4(a) (3) and 4(b).

On June 4, 1970, counsel for these petitioners, on behalf of other inmates similarly situated, filed in the Baltimore City Court five petitions for habeas corpus and a petition for a writ of mandamus, raising essentially the same questions presented herein. A show cause order was issued by Judge Dorf, of the Baltimore City Court. On June 22, 1970, Judge Dorf filed a memorandum opinion in each of the five cases, holding that the sentence "was illegal in that it

---

3. At a recent hearing held before the three-judge Court in that case following remand, the plaintiffs informed the Court that they did not wish at that time to attack the constitutionality of the new Maryland statute. An Order was thereafter entered in that case on July 20, 1970, dissolving the three-judge Court and referring any remaining questions to a single judge under the pendent jurisdiction of the Court. Petitioners elected to institute this proceeding rather than file supplementary pleadings in that case.

4. For example, Art. 38, § 4(b) (4) anticipated the decision of the Supreme Court in *Williams*.

5. See also Art. 26, § 113(b) and (c), as amended.

was an alternative sentence", that the payment of the fine was not a condition of probation, and that "the sentence was a conditional sentence of either the acceptance of imprisonment or the payment of a fine, which sentence under the circumstances the Court cannot impose." Each case was remanded to the Municipal Court for a "prompt hearing" for imposition of sentence in conformity with the provisions of the new statute.

After the issuance of that opinion, counsel for petitioners attempted on a number of occasions to secure an order from the Municipal Court releasing from the Baltimore City Jail all inmates who had been sentenced in the manner held illegal by Judge Dorf, but the pressure of other work in the Municipal Court has apparently made it difficult to obtain hearings before the eight sentencing judges. At the time this petition was filed, only one such hearing involving one of the petitioners has been scheduled before a judge of the Municipal Court in the one month period since Judge Dorf's ruling. It is alleged in the answer filed on July 22, 1970 that other hearings have recently been scheduled.

■ Ordinarily, this Court requires that a petitioner seeking federal habeas corpus relief must first exhaust his available state remedies. Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967); Hunt v. Warden, Md. Penitentiary, 335 F.2d 936, 943 (4th Cir. 1964). This doctrine is a rule of comity which "should be faithfully applied in the absence of unusual circumstances." Brown v. Fogel, 387 F.2d 692, 695 (4th Cir. 1967). In Mitchell v. Schoonfield, 285 F.Supp. 728 (1968), this Court denied because of non-exhaustion the petitions of individuals confined in the Baltimore City Jail for violations of curfew restrictions imposed during the civil disorders occurring in Baltimore in April, 1968. However, this Court pointed out (at page 731) that in a proper case "the exigencies of time might well indicate that a petitioner could not secure an adequate remedy in the state courts." The Supreme Court has made it clear that

the decision whether to require exhaustion of remedies "calls for a factual appraisal by the court in each special situation" and is one within the discretion of the trial court. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

■ Here, because of the exigencies of time as well as other circumstances, unique to this case, this Court concludes that it should not require any further exhaustion of State remedies. Indeed, petitioners have already applied to a state court for relief. However, in spite of a favorable ruling in the Baltimore City Court handed down over a month ago, they have still not gained their release or other relief to which they are entitled under state law. For the reasons hereinafter stated, all but four of these petitioners are clearly entitled to immediate release at this time. To require further proceedings in a state court under these circumstances might well result in the denial of any relief at all if their present terms were to expire before the Municipal Court could hold the hearings that have been ordered.

■ The practice followed by some judges of the Municipal Court, set out above, whereby they condition a suspended sentence upon the payment of a fine and court costs and then immediately jail a defendant for non-payment, is not only contrary to Art. 38, § 4 of the Maryland Code, as recently amended, but it also denies petitioners due process of law and the equal protection of the laws in contravention of the Fourteenth Amendment to the United States Constitution.

■ With reference to those petitioners whose commitments include the imposition of costs, the denial of equal protection in this case is clear in the light of this Court's decision in Kelly v. Schoonfield, *supra.* See also Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). In the *Kelly* case, the then existing requirement that a defendant be confined for his failure to pay court costs was not applied uniform-

ly. Under the facts of this case, other defendants in the Municipal Court who have been confined pursuant to a straight sentence are not required to pay costs or spend time in jail in default of such payment, while petitioners, confined pursuant to the practice described herein, are required to spend time in jail for non-payment of costs.

More importantly, all these petitioners are denied equal protection of the laws with reference to the fines imposed because they, and only they and persons similarly situated, are deprived of the benefit of Art. 38, § 4, as amended by the recently enacted Chapter 147, which clearly requires that an indigent defendant who is unable to pay a fine must receive credit for time served in lieu of payment at a rate to be fixed by the judge, but "[i]n no event shall such period of imprisonment exceed one day for each ten dollars ($10.00) of the fine". §§ 4(b) and 4(b) (1). The sentencing technique attacked in this case would create a separate class of convicted defendants and would place them outside the scope, and thus the benefits, of that section.

Furthermore, the practice followed by some Municipal Court judges that has been challenged in this proceeding does not meet the test of due process set out in Morris v. Schoonfield, *supra*, 301 F. Supp. at pages 162–165. Under such practice, imposition of the sentence, suspension of the sentence, and revocation of the suspended sentence all occur at the same time. It does not appear from the Commitments here that the indigency vel non of petitioners was in any way considered. Nor was the requirement that a fine be paid made a condition of any probation, which might later be subject to revocation for non-payment of the fine.[6]

The federal courts often suspend the imposition or service of sentence and place a defendant on probation, on condition that he pay a fine, in a lump sum or in instalments, within a specified time. Failure to make a required payment results later in a revocation hearing, and if the facts warrant, an order either revoking probation or extending the time for making payment of the fine. Such a procedure no doubt requires some expenditure of time, which federal judges, with fewer cases, larger fines and potentially longer sentences, can perhaps more easily devote than Municipal Court judges. This Court is certainly aware of the crowded dockets of the Municipal Court of Baltimore City and the numerous cases that must be disposed of daily if that Court is to effectively perform the important functions assigned to it in the administration of criminal justice in a large urban community. Although we are sympathetic with the problems encountered by Municipal Court judges, all courts everywhere are subject to the same constitutional provisions, and every court must operate within the framework of governing statutes.

For the reasons stated, all petitioners except Lawrence Franklin Ransome, James Wiggins, Harry Mathew Smith and Kenneth W. Crews must be released immediately. Petitioner Ransome has now dismissed his claim. The other three petitioners should be granted hearings in the Municipal Court pursuant to Art. 38, § 4 of the Maryland Code, as amended, if such hearings have not as yet been held. In any event, Wiggins must be released not later than August 3, Smith not later than September 1, and Crews not later than September 12, 1970.

This Court has been advised by counsel that within the past few days some hearings have been held in the Municipal Court and that some petitioners have now been released while others have

6. Several cases decided by the Maryland Court of Appeals indicate that the imposition of a pecuniary penalty is not consistent with the suspension of a sentence. See Kelly v. State, 151 Md. 87, 133 A. 899 (1926); Finnegan v. State, 4 Md. App. 396, N. 3, 243 A.2d 36 (1968); Commissioner of Motor Vehicles v. Lee, 254 Md. 279, 255 A.2d 44 (1969).

been re-sentenced. Even though some of the petitioners are now being held under some new or different sentence imposed for the original offense following such recent hearing, they are entitled to their immediate release. For the reasons stated herein, the sentences in all but 4 cases had expired by July 16, 1970, and any further proceedings occurring after that date can have no effect on their right to be released at once.

Counsel should promptly prepare and present to the Court an appropriate Order.