484 A.2d 641

**Frank TURNER**

v.

**STATE of Maryland.**

**No. 216, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Dec. 7, 1984.

Certiorari Granted April 29, 1985.

2

4

George E. Burns, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Richard Kastendieck, Asst. Atty. Gen., Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. and Ruth Finch, Asst. State's Atty., for Baltimore City, Baltimore, for appellee.

Submitted before WEANT, GARRITY and ADKINS, JJ.

ADKINS, Judge.

The principal question presented in this case is whether Article 38, §§ 1 and 4(c) of the Annotated Code prohibit revocation of probation (and consequent imprisonment) for failure to pay court costs. The facts are undisputed.

In January 1983 appellant Frank Turner pleaded guilty to robbery with a deadly weapon. The Circuit Court for Baltimore City (Johnson, J.) sentenced him to imprisonment for five years, gave him credit for time served, and suspended the balance of the sentence in favor of five years supervised probation. A condition of probation was that Turner pay court costs of $135 within sixty days.

On February 22, 1984, Turner appeared before Judge Johnson on a charge of violation of that condition of probation. The record discloses that he had paid $75 of the costs; $60 remained due. Judge Johnson revoked the probation and reimposed the original sentence.

Article 38, § 1 provides in pertinent part:

If any person shall be adjudged guilty of any [criminal offenses as defined in the section] by any court having jurisdiction ... he shall be sentenced to the fine or penalty prescribed ... and shall be liable for the costs of his prosecution; and in default of payment of the fine or penalty he may be committed to jail in accordance with § 4 of this article until thence discharged by due course of law. Any undischarged fine, and any unpaid costs, may be levied and executed as for a judgment in a civil case.

Section 4(c) reads:

Unless discharged by payment or service of imprisonment in default of a fine, a fine may be collected in the same manner as a judgment in a civil action. Costs may be collected in the same manner as a judgment in a civil action, but shall not be deemed part of the penalty, and no person shall be imprisoned under this section in default of payment of costs.

Because the revocation of Turner's probation for failure to pay costs resulted in his imprisonment he argues that it violated the last sentence of § 4(c). Because we think there is a distinction between imposition of a suspended sentence of imprisonment upon violation of a condition of probation and imprisonment for non-payment of costs as a penalty for a crime, we reject his argument. We explain.

Article 27, § 639(a) permits a court to "suspend sentence generally or for a definite time, and [to] make such orders and impose such terms as to costs, recognizance for appearance, or matters relating to the residence or conduct of the convicts as may be deemed proper...." It has contained similar language as to costs ever since its initial enactment

as Article 27 § 304A, by Ch. 402, Laws of 1894.[1] *See Kelly v. State,* 151 Md. 87, 99, 133 A. 899 (1926).

Trial courts have invoked this authority and based suspension of sentence on the payment of costs, and have made payment of costs a condition of probation, *see, e.g., Shade v. State,* 18 Md.App. 407, 306 A.2d 560 (1973) and *Rites v. State,* 15 Md.App. 346, 290 A.2d 554 (1972).[2] But we have found no reported Maryland appellate decision that squarely addresses the question whether revocation of probation for violation of this condition violates the provisions of Article 38.

The portions of Article 38, §§ 1 and 4(c) (particularly the latter) that now concern us were first enacted by Ch. 147, Laws of 1970. That Act embodied numerous statutory changes adopted (as its title instructs us) for the purpose, *inter alia,* of "eliminating imprisonment for the non-payment of costs of criminal prosecutions [,] . . . eliminating

---

1. More recent statutes, such as Article 27 §§ 641(a) and 641A(a) speak in terms of "reasonable terms and conditions [of probation] as appropriate" and "such terms and conditions as the court deems proper." This more general language has not changed "the explicitly limiting words of § 639. . . ." *Haynes v. State,* 26 Md.App. 43, 48, 337 A.2d 130 (1975). *Compare* Md.Rule 4–346.

2. A resolution adopted by the 1969 Maryland Judicial Conference adopted the policy that "the judges of the courts of general jurisdiction in this State will not hereafter impose court costs in a case where an indigent defendant shall have been convicted and sentenced to pay a fine or to be imprisoned, unless the sentence be suspended and the defendant placed on probation, in which event the imposition of court costs may be made a condition for the granting of probation." *Morris v. Schoonfield, infra,* 301 F.Supp. at 161, n. 2. *See also Report and Recommendations to Implement the American Bar Association Standards for Criminal Justice,* Joint Committees of Maryland Judicial Conference and Maryland State Bar Association (1974), proposed Md.Rule 766. The proposed rule enumerated many permissible conditions of probation, including payment of costs. It was eventually adopted as Md.Rule 775 (now Md.Rule 4–346) without the enumeration. *Minutes of the Court of Appeals Standing Committee on Rules of Practice and Procedure* do not indicate, however, that the elimination of the list of specific conditions was intended as a disapproval of any condition; it is more likely that a general statement as to conditions was adopted as a better drafting approach.

such costs as part of any penalty, [and] amending the law generally with regard to the payment of fines and commitment for non-payment thereof." As to fines, the Act (to some degree readopting prior law) set limits on the period of incarceration permitted for non-payment of a fine. More importantly, it required a court to inquire into a defendant's "financial and family situation and the reasons for nonpayment of the fine" before imprisoning him for non-payment. Article 38, § 4(b). It was an apparent response to the decisions in *Kelly v. Schoonfield,* 285 F.Supp. 732 (D.Md. 1968) and *Morris v. Schoonfield,* 301 F.Supp. 158 (D.Md. 1969). The judgment in *Morris* was vacated for reconsideration in light of Ch. 147 and *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *Morris v. Schoonfield,* 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); *Arthur v. Schoonfield,* 315 F.Supp. 548, 551 (D.Md.1970).

*Kelly* and *Morris* both dealt with the constitutionality of pre-1970 provisions of Article 38 with respect to imprisonment for non-payment of fines and costs. *Morris* squarely held that where indigents are involved, "the State cannot constitutionally include costs in the time to be served under Art. 38, section 4." 301 F.Supp. at 161.

In *Arthur,* the United States District Court addressed the new Article 38 provisions adopted by Ch. 147. It concluded that

the new statute places certain clear limitations on sentencing courts in Maryland, in order to avoid serious constitutional problems and to meet present-day standards. One such limitation prevents imprisonment for non-payment of costs. [footnote omitted].

315 F.Supp. at 552. What the *Arthur* court condemned, as violative both of new Art. 38, § 4 and of constitutional protections, was a practice of the former Municipal Court of Baltimore City. Under that practice, defendants sentenced to imprisonment were not assessed with court costs. Defendants sentenced only to fines were. The sentences were suspended upon condition of immediate payment of fines

and costs, but those defendants who were unable to make contemporaneous payment were then committed for failure to pay, without any inquiry as to financial ability.

■ So far as court costs are concerned, the 1970 provisions of § 4(c) eliminated that problem. Costs are no longer a part of the penalty and no one may be sentenced to prison for failure to pay them. But the language of § 4(c) does not necessarily manifest a legislative intention to prohibit revocation of probation when costs are made a condition of probation and are not paid. In construing the statute in that context, we must seek out the true legislative intent, reading the law "without forced or subtle interpretations designed to extend or limit the scope of its operation." *Sites v. State,* 300 Md. 702, 710, 481 A.2d 192 (1984).

■ Given the circumstances under which present §§ 1 and 4(c) were enacted, as well as the plain language of the new provisions, it is clear that they contain no limitation on requiring payment of court costs as a condition of probation. The statutory wording contains no explicit proscription to that effect. To imply such a proscription, moreover, would be inconsistent with the rule that statutes *in pari materia* are to be construed harmoniously if that is possible, giving effect to the provisions of each. *Board of Education of Howard County v. Howard County, Maryland,* 45 Md.App. 358, 370, 413 A.2d 568 (1980). Article 27, § 639, as we have seen, expressly permits payment of costs as a condition of probation. When the Article 38 provisions were modified in 1970, a number of other laws were also amended, but not Article 27, § 639. Both the Article 38 sections and § 639 were amended in the same Act in 1972—Ch. 181 of the Laws of that year—but the "costs" provision of § 639 was untouched. Furthermore, that provision has been reenacted without change on numerous occasions, most recently by Ch. 98, Laws of 1982. All of this, it seems to us, manifests a legislative intention that the use of payment of costs as a condition of probation is not inconsistent with the Article 38 prohibition against imprisonment for

non-payment of costs that are not part of the penalty for a crime. *See Applestein v. Osborne,* 156 Md. 40, 143 A. 666 (1928) and *Prince George's County v. Laurel,* 51 Md. 457 (1879).

It is one thing for the legislature to say that costs are not part of the criminal penalty and that one may not be imprisoned because of their non-payment. It is quite another to say that when payment of costs are made a condition of probation, probation may not be revoked and the original punishment reimposed. Probation is an act of grace. *Kaylor v. State,* 285 Md. 66, 75, 400 A.2d 419 (1979). It permits a court, in its discretion, to suspend what would be the normal penalty for violation of the criminal law in favor of conditions which, if performed, tend to promote the rehabilitation of the criminal as well as the welfare of society. *Scott v. State,* 238 Md. 265, 275, 208 A.2d 575 (1965). In other words, in an appropriate case, the criminal defendant is given a second chance—an opportunity to show that by performing the conditions of probation he can function as a law-abiding and useful member of society. If he faithfully performs those conditions, he is spared the more drastic punishment that generally follows a violation of the criminal law.

If, however, the defendant fails to perform the conditions of probation he may forfeit the benefits of probation. In such a case, when the original sentence or some portion of it is reimposed, the "original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously afforded the defendant." *Clipper v. State,* 295 Md. 303, 313, 455 A.2d 973 (1983). Thus, he is not imprisoned because court costs have been imposed as part of the criminal penalty; he is imprisoned because of reimposition of the original sentence, a result he has brought upon himself by failure to obey the conditions of probation. He is not imprisoned "under this section [Article 38, § 4] in default of payment of costs;" he is imprisoned for violation of a condition of probation estab-

lished under the authority of Article 27, § 639. Nor does the collection of costs via a probation condition violate the Article 38 provisions that "unpaid costs . . . *may* be levied and executed as for a judgment in a civil case" (§ 1) or that "[c]osts *may* be collected in the same manner as a judgment in a civil action" (§ 4(c)) [emphasis supplied]. As use of the word "may" demonstrates, these provisions are neither exclusive nor mandatory.

 Courts costs, therefore, may be imposed as a condition of probation.[3] We hold that Article 38 §§ 1 and 4(c) are not involved when, because of breach of that condition, an original sentence of imprisonment is reimposed.

 Turner also argues that at his revocation hearing the State failed to establish that he was able to perform the condition requiring him to pay costs. He misconstrues the burden of proof in a revocation hearing. The State is required to prove that a condition of probation was not performed. It did so here. It is then incumbent upon the probationer to show that his failure to satisfy the condition "resulted from factors beyond his control and [was] through no fault of his own." *Humphrey v. State,* 290 Md. 164, 167–68, 428 A.2d 440 (1981).

---

**3.** Of course, it is "fundamental that conditions of probation must be reasonable and have a rational basis." *Watson v. State,* 17 Md.App. 263, 274, 301 A.2d 26 (1973). Where, as here, monetary payments are a condition of probation the court imposing the condition must ascertain that the condition does not exceed the defendant's ability to comply. A monetary condition should not be imposed absent "a reasoned inquiry into the defendant's ability to pay" and a conclusion that that ability exists. *See Coles v. State,* 290 Md. 296, 306, 429 A.2d 1029 (1981) (restitution). Whether payment of court costs was a proper condition of probation in this case is not before us. It was not raised on Turner's appeal from the revocation of his probation and, indeed, could not have been. Ordinarily, the validity of a condition of probation "must be determined on an appeal from the final judgment of conviction and sentence . . . and not on the subsequent revocation of probation. *Coles v. State, supra,* 290 Md. at 303, 429 A.2d 1029.

When the condition of probation involves a monetary payment, the probationer may be able to show that despite good faith efforts he was unable to obtain employment or otherwise to obtain the funds needed to make the payment. Such a showing may be sufficient to avoid revocation of probation for non-payment. *See, Bearden v. Georgia,* 458 U.S. 1105, 102 S.Ct. 3482, 73 L.Ed.2d 1365 (1982). That is what Turner attempted to do here. Nevertheless, the record shows that from time to time during his probation Turner was employed, that he was capable of earning money, and that he had in fact paid over half the amount of costs due. On this record, the trial judge was not clearly erroneous in finding that Turner possessed the ability to pay. Md.Rule 1086. Nor did he abuse his discretion when he revoked Turner's probation. *See Coles v. State, supra,* and *Swan v. State,* 200 Md. 420, 425–26, 90 A.2d 690 (1952).

JUDGMENT AFFIRMED.

APPELLANT TO PAY THE COSTS.