503 A.2d 275

**Booker T. ROBINSON, Jr.**

v.

**MONTGOMERY COUNTY, Maryland, et al.**

**No. 627, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 20, 1986.

Certiorari Denied May 2, 1986.

Alan Banov, Washington, D.C., for appellant.

Bruce P. Sherman, Sr. Asst. Co. Atty. (Paul A. McGuckian, Co. Atty. for Montgomery County, on the brief), Rockville, for appellees.

Argued before GARRITY, ADKINS and ROBERT M. BELL, JJ.

ADKINS, Judge.

In 1982 the then-director of appellee and cross-appellant Montgomery County's Department of Transportation charged appellant and cross-appellee, Booker T. Robinson, Jr. with several violations of county personnel regulations. Robinson was discharged. He appealed to the County's

Merit Systems Protection Board. After various delays, the nature and causes of which are not pertinent to our decision, the board held a hearing in March, 1984. It rendered a decision on April 25, 1984. It found that the County had failed to sustain all the charges against Robinson and that the charges sustained were not "serious enough to justify dismissal...." For that and other reasons, the board substituted for dismissal a 30-day suspension without pay (from December 5, 1982 to January 4, 1983) and it directed the County to offer Robinson "a County position of comparable status, with no loss in salary or benefits...." It declined, however, to grant Robinson retroactive reinstatement and attorney's fees.

On May 7, 1984, Robinson filed a motion for reconsideration with the board. On May 25, the board issued a decision denying it. The County appealed to the Circuit Court for Montgomery County on June 15; Robinson did likewise on June 19.[1] The circuit court affirmed the board on March 8, 1985. Once again, both parties appealed.

### Robinson's Appeal

The issues Robinson presents to us are

1. Whether the board erred in denying him retroactive reinstatement (backpay);

2. Whether the board erred in denying him attorney's fees; and

3. Whether the circuit court and the board erred by declining to award him attorney's fees under § 33–15(c) of the County Code.

These issues have been ably briefed and argued, but because the circuit court did not have jurisdiction to decide Robinson's appeal to it, we do not reach them. We explain.

---

1. The appeals from the board were docketed as separate cases, but later consolidated. The County's appeal was No. 67375; Robinson's was No. 67403.

The jurisdictional snarl in which Robinson finds himself results from the entanglement of his motion to reconsider the board's decision with the provisions of § 2A–10(f) of the Montgomery County Code (part of the County's Administrative Procedure Act). In pertinent part, subsection (f) reads:

Any decision on a request for rehearing or reconsideration not granted within ten ... days following a receipt of the request therefor ... shall be deemed denied. Any request for rehearing or reconsideration shall stay the time for any administrative appeal pursuant to judicial review until such time as the request is denied or in the event such request is granted such further time or a subsequent decision is rendered [*sic* ].

As we have seen, Robinson filed a timely motion to reconsider on May 7, 1984. The County claims that by operation of § 2A–10(f), that motion, not having been granted within 10 days of its filing, was "deemed denied" at the expiration of the 10 days, or on May 17. At that point, runs the County's argument, the statutory stay of time for taking an appeal ended and the 30-day period prescribed by Md. Rule B4 began to run. As a consequence, Robinson's appeal, filed on June 19, was too late.

Robinson, for his part, points to the fact that the board filed a decision denying his motion, and that this occurred on May 25. He reads § 2A–10(f) as staying the time for appeal until that date, in which event his appeal would have been timely (at least with respect to review of the denial of the motion to reconsider). He observes that the board's Rule XI (as it read in 1984) says that "[a] request for reconsideration shall stay the time for any further appeal until the Board makes a decision on the request" but is silent as to any presumed denial at the expiration of 10 days. To like effect is § 29.19 of the County Code (part of the County Personnel Regulations). He also cites *Samuel B. Franklin & Co. v. Securities and Exchange Commission,* 290 F.2d 719, 725, *cert. denied,* 368 U.S. 889, 82 S.Ct. 142, 7 L.Ed.2d 88 (9th Cir.1961) ("timely filing of a petition for agency reconsideration [tolls] the sixty-day period for

appeal [to U.S. circuit courts under Federal APA;] appeal taken within sixty days from the termination of the petition for reconsideration by the agency is timely"). *See also Outland v. Civil Aeronautics Board,* 284 F.2d 224, 227 (D.C.Cir.1969) (same holding), and *Poyner v. Police and Firemen's Retirement and Relief Board,* 456 A.2d 1249 (D.C.App.1983) (reaching similar conclusion under stay provision of D.C.App. Rule 15(c) ).

We think the County has the better of this argument. It is clear that the board's rule is superseded by § 2A–20(f), if the two are in conflict. Section 2A–3(c) of the County APA mandates that "[t]he provisions set forth herein shall prevail over any agency rule of procedure...." The same is true with respect to § 2A–10(f) and § 29.19, if they are regarded as conflicting. Section 2A–3(a) tells us that "[w]here any provision of this article [the County APA] conflicts with a substantive provision of an act pertaining to a particular agency, the latter shall prevail." By implication, if the "act pertaining to a particular agency" conflicts with the APA as to a procedural provision, the APA prevails. That is the purpose of the County APA: to provide uniform procedures for administrative matters within Montgomery County. The 10-day presumption of adverse decision is a procedural provision.

And even if the 10-day provision be regarded as arguably substantive, it is in conflict with neither board Rule XI nor § 29.19. Both of these permit motions to reconsider and both call for an appeal-time stay until a decision on the motion. Neither, however, says when a motion to reconsider is deemed to be decided. That blank is filled in by § 2A–10(f), but the fact that this section fills in a blank does not render it in conflict with the other measures.

Thus, we hold that § 2A–10(f) is controlling here. The next question is how to apply it. In this connection, the cases cited by Robinson are not helpful. The statutes involved in *Samuel B. Franklin* and *Outland* (15 U.S.C. § 78y(a) and 49 U.S.C. § 1486(a) ) both provided for appeal

from an administrative agency to a court within a specified period of time from the agency decision. Neither contained any "stay" provision in the event of the filing of a motion to reconsider. The courts read into each statute such a "stay" provision, and held that the "stay" extended until the actual denial of the motion to reconsider. What is significant, however, is that neither of the federal statutes contained anything as to when a motion was deemed to be denied. This is also true of the rule involved in *Poyner*. Thus, there was no basis for the courts to hold, in those cases, that the stay ended at any time prior to the actual filing of the denial.

Section 2A–10(f) contains its own stay provision; there is no need for judicial insertion of one. The problem, for Robinson, is the 10-day presumption as to denial. If the motion for reconsideration is not granted within 10 days following its receipt, it "shall be deemed denied." The question is the effect of that phrase.

The answer is found in *Scherr v. Braun*, 211 Md. 553, 128 A.2d 388 (1956). That case involved an appeal from a liquor board to a circuit court. The statute in question was then-section 166 (d)(3) of Code, Art. 2B (1951) (now § 175(e)(3) ) which provided:

> The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board ... shall constitute an automatic affirmance of the local board's decision, unless that time has been extended for good cause shown.

*Id.* at 557, 128 A.2d 388. Over 30 days after the liquor board record had been filed, the circuit court purported to pass an order extending the time for decision. Still later, it purported to pass an order reversing the board. The Court of Appeals reversed the latter order, holding that "the decision of the appeal was beyond the power of the Baltimore City court...." 211 Md. at 566, 128 A.2d 388.

Writing for the Court of Appeals, Judge (later Chief Judge) Hammond explained:

Where the directions of a statute look to the orderly and prompt conduct of business, including the business of a court, it is generally regarded as directory *unless the consequences for failure to act in accordance with the statute are set out* [emphasis supplied].

211 Md. at 561, 128 A.2d 388. Pointing out that "[i]n the statute now under consideration there are specific consequences of a failure to act, and an implication in the literal language that is a negation of the right to act after the time specified," 211 Md. at 562, 128 A.2d 388, Judge Hammond concluded that "the decision must be made within thirty days or by virtue of the statute there is an automatic affirmance of the board's action." *Id.* at 563, 128 A.2d 388. The Court of Appeals followed *Scherr* in *Pearce v. Board of Liquor Commissioners,* 228 Md. 515, 180 A.2d 651 (1962), there holding that "the statute deprived the [circuit court] of all power to act after thirty days." 228 Md. at 521, 180 A.2d 651.

Section 2A–10(f) is concerned with "the orderly and prompt conduct of [the board's] business." It is intended to protect the interests of the parties before the agency by preventing delay in deciding a motion for reconsideration. It is designed to require agency action within a specific time limit. If that action does not so occur, it provides for automatic denial of the motion, thereby permitting the parties to proceed to judicial review unhampered by agency procrastination of unknown dimensions that might place their rights in unreviewable limbo for an undetermined period. Moreover, the section sets forth "the consequences for failure to act in accordance with the statute"—automatic denial of the motion to reconsider.

We believe *Scherr* and *Pearce* are dispositive, and we are not persuaded by Robinson's arguments that the two Court of Appeals decisions should be distinguished because they "involved the operation of a state statute" and did not involve "a personnel matter, the Montgomery County Merit Personnel Law or regulations thereunder...." *See Baltimore County v. Penn,* 66 Md.App. 199, 503 A.2d 257,

263, (1986) (applying construction of portion of workers' compensation law to county disability retirement law).

We hold that under § 2A–10(f)'s "deemed denied" provision, Robinson's motion for reconsideration was effectively denied by operation of law on May 17, 1984. After that date, the board lacked power to act on the motion and on that date the time for appeal from the denial began to run. As a consequence, Robinson's June 19 appeal was filed after the expiration of the 30-day period prescribed by Rule B4. Since that appeal was untimely, the Circuit Court for Montgomery County lacked jurisdiction to consider it. *See Ratcliffe v. Clarke's Red Barn,* 64 Md.App. 293, 301, 494 A.2d 983 (1985). We must, therefore, vacate the circuit court order entered with respect to Robinson's appeal to that court. The circuit court should have dismissed the appeal. *See Alfred Munzer, M.D., P.A. v. Ramsey,* 63 Md.App. 350, 492 A.2d 946 (1985); *Boyd v. Supervisor of Assessments,* 57 Md.App. 603, 471 A.2d 749 (1984).

### The County's Cross-Appeal

In addition to the jurisdictional issue of which we have just disposed, the County asserts that the circuit court erred in rejecting the County's timely (June 15, 1984) appeal from the board because (as we phrase it):

The board's decision to modify Robinson's dismissal to a 30-day suspension without pay was neither lawful nor supported by substantial evidence.

In support of its contention that the board could not lawfully have modified Robinson's dismissal to a 30-day suspension, the County cites § 216 of the Montgomery County Charter which provides that all employees of the County's executive branch "shall be appointed and removed and their salaries shall be fixed under the Merit System by the heads of the several departments, offices and agencies of the County." It seems to argue that this renders invalid § 33–14(c) of the County Code, which authorizes the board "to order appropriate relief to accomplish the remedial

objectives of this article...." Some of the specific things the board may do, pursuant to § 33–14(c), include:

(4) Order reinstatement with or without back pay....

(5) Order cancellation of personnel actions found in violation of law or personnel regulations....

\* \* \* \* \* \*

(8) Order corrective measures as to any management procedures adversely affecting employee pay [or] status....

■ The County's attempt to raise this issue is questionable. It did not raise it before the board, and thus ordinarily could not properly raise it on appeal to the circuit court. *Maryland Commission on Human Relations v. Mass Transit Admn.*, 294 Md. 225, 232, 449 A.2d 385 (1982). Moreover, it appears that the County expressly abandoned this contention in the circuit court. Nevertheless, the trial judge decided the point and we think his decision, adverse to the County, was correct. Section 404 of the County Charter permits "[a]ny employee under the merit system who is removed, demoted, or suspended" to have, "as a matter of right, an opportunity for a hearing before the merit system protection board...." Clearly, that section contemplates that the board can do more than merely hear an aggrieved employee; it must be able to grant appropriate relief. Section 33–7(a) of the County Code explains this authority by providing that "[i]n performing its functions, the board is expected to protect the merit system and to protect ... employee rights guaranteed under the merit system" and that "[t]he remedial and enforcement powers of the board ... shall be fully exercised by the board as needed to rectify personnel actions found to be improper." If the board could not exercise the specific powers contained in § 33–14, both § 402 of the Charter and § 33–7(a) of the Code would be virtually meaningless dead letters. To so hold would fly in the face of accepted principles of statutory construction. *See Turner v. State*, 61 Md.App. 1, 8, 484 A.2d 641 (1984).

Furthermore, §§ 33–7(a) and 33–14 are in no way inconsistent with § 216 of the Charter. Robinson was fired by his department head pursuant to § 216 authority. Section 216 nowhere makes such an action unreviewable, and § 402 of the Charter, combined with §§ 33–7(a) and 33–14 of the Code, provide for appropriate review.

■ This is the way the board has read the pertinent provisions. *Howard U. Baker,* Merit Board No. 81–34 (March 16, 1983) *on remand from Montgomery County, Baker,* Law No. 59258 (February 8, 1983), *Wilson v. Montgomery County Merit System Protection Board,* Law No. 59929 (February 9, 1983). Consistent construction of a statute by the agency responsible for administering it is entitled to considerable weight. *National Asphalt Pavement Assn. v. Prince George's County,* 292 Md. 75, 80, 437 A.2d 651 (1981). This is essentially the way we saw the situation, at least in *dicta,* in *Andre v. Montgomery County Personnel Board,* 37 Md.App. 48, 60 n.4, 375 A.2d 1149 (1977) (board has power to award back pay to employee suspended without pay). If more is required, we cite as persuasive *Board of Education of Prince George's County v. Waeldner,* 298 Md. 354, 470 A.2d 332 (1984) and *Board of Education of Howard County v. McCrumb,* 52 Md.App. 507, 450 A.2d 919 (1982) (State Board of Education may modify disciplinary penalty imposed by local board).

The County's argument that the modification of Robinson's punishment was an effort to penalize the Department of Transportation and unsupported by substantial evidence is equally devoid of merit.

■ The trial judge found that "there is no indication in the record that the Board acted to punish the agency"; we agree. And given the narrow scope of judicial review of agency action, we cannot say that the trial judge erred in holding that the board's decision was supported by substantial evidence. *Board of Education of Montgomery County v. Paynter,* 303 Md. 22, 491 A.2d 1186 (1985).

There was evidence before the board that Robinson had been a county employee for 13 years without any significant history of performance or disciplinary problems before those that resulted in his dismissal. Those all had occurred over a period of a few months, after Robinson's transfer to a new job. The incidents in question mainly involved insubordination, and the board found that some of the charges against Robinson had not been substantiated. There was also evidence to support its conclusion that Robinson's supervisors had failed to apply "progressive discipline." Even the board's lone dissenter did not quarrel with the majority's fact finding. He simply thought that an employee guilty of insubordination should be fired.

Since a reasoning mind could reasonably have reached the board's conclusions, on the evidence before it, the trial judge did not err in rejecting the County's insubstantial evidence arguments. *Vavasori v. Commission on Human Relations*, 65 Md.App. 237, 500 A.2d 307 (1985).

JUDGMENT IN MONTGOMERY COUNTY CASE NO. 67403 VACATED WITH DIRECTION TO DISMISS APPEAL OF APPELLANT ROBINSON TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY. JUDGMENT IN MONTGOMERY COUNTY CASE NO. 67375 AFFIRMED. COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEES.