511 A.2d 560

**MONTGOMERY COUNTY, Maryland, et al.**

v.

**Anthony K. McDONALD.**

**No. 1507, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 10, 1986.

Linda D. Berk, Asst. Co. Atty. (Paul A. McGuckian, Co. Atty. and Bruce P. Sherman, Sr. Asst. Co. Atty., on brief), Rockville, for appellants.

Gary L. Crawford (Henry C. Clarke, Jr. and Clarke & Crawford, on brief), Gaithersburg, for appellee.

Argued before GARRITY and ROBERT M. BELL, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ROBERT M. BELL, Judge.

This appeal by Montgomery County and Lewis T. Roberts, Chief Administrative Officer of Montgomery County, appellants, from the judgment of the Circuit Court for Montgomery County presents two questions:

1. Did the Merit System Protection Board lack jurisdiction to grant reconsideration on May 15, 1985, when

the request for reconsideration was automatically denied by operation of law ten days after its receipt by the Merit System Protection Board?

2. Did the Lower Court err as a matter of law in determining that there existed such an irregularity as would permit the Merit System Protection Board to reconsider its earlier decision.

The first question requires us again to construe § 2A–10(f) of the Montgomery County Code (part of the County's Administrative Procedure Act), this time on an issue, related, though not identical, to that so recently decided in *Robinson v. Montgomery County*, 66 Md.App. 234, 503 A.2d 275 (1986). Its resolution, which we conclude, consistent with *Robinson*, must be in favor of appellants, is dispositive of the appeal, relieving us of the obligation to consider and decide the second question. Therefore, we will reverse and remand to the circuit court for entry of an order consistent with this opinion.

The facts essential to the resolution of the issue *sub judice* are not really in dispute. Anthony K. McDonald, appellee, ranked eleventh for promotion to sergeant on a Montgomery County police department eligibility list, which had been established on December 29, 1981. When that list expired thirty months later,[1] the top ten persons on the list had been promoted, leaving appellee next in line for the next available vacancy. He filed an administrative grievance because, although shortly prior to expiration of the list, an eleventh sergeant's vacancy had occurred, management elected not to fill it.

Appellee's grievance was investigated by a special investigator appointed by the County's Personnel Office. The investigator's report, although noting that appellee "was treated in an unfair manner", recommended denial of the grievance. This recommendation was adopted by the Chief

---

1. The life of the list was two years; however, the list was extended, at the request of the Chief of police and with the approval of the Chief Administrative officer, for an additional six months.

Administrative officer and appellee's "grievance and relief requested", were denied.

Appellee's appeal to the County Merit System Protection Board was unsuccessful. By decision dated November 21, 1984, the Board agreed with the County that the management decision not to fill a vacancy was within the County's prerogative, finding *inter alia:*

Based on past promotional opportunities and practices within the Department of Police, the Board appreciates and understands your disappointment in not being promoted to a vacant position prior to expiration of the eligible list. There is no legal requirement for filling vacancies within a certain period of time, and historically, the County has left positions vacant for extended periods because of salary lapses necessitated to pay for accrued annual leave of the prior incumbent. Additionally, the County is involved in a law suit concerning promotional practices of the Department of Police, and the Chief Administrative Officer determined that it was in the County's best interest to allow the list to expire and to defer any further promotions.

... With the expiration of the list and no immediate plans to conduct a promotional examination, the Department of Police is in the position of not being able to fill any Sergeant vacancies until a new list is certified, which could impact on the Department's ability to function effectively. However, this is a management problem, and is not a grievable issue to be addressed by this Board.

No appeal from this decision was taken.

Having learned of the announcement by the police department that, effective April 7, 1985, five white male officers would be promoted to sergeant from a new eligible list for sergeant, appellee, on April 2, 1985, filed a Request for Reconsideration of the Board's prior decision. Alleging "fraud or irregularity perpetrated by the County in the Board's earlier decision," his request, in relevant part, stated:

On March 27, 1985, the Police Department announced the promotion of five (5) officers to the rank of Sergeant effective April 7, 1985. All five officers are white males.

I contend the ruling of the Board in my grievance should be rescinded and that a new ruling in my favor, be rendered. I suggest that a proper resolution of my grievance would order the Department of Police to promote me to the next vacant Sergeant position retroactive to April 7, 1985. In this manner, no unfair action would affect those officers already notified of a pending promotion. It should be noted that I am also on the current eligible list, however, I am no longer in the highest category.

As in my original grievance, I cite Section 4.1 of the Personnel Regulations where it states that it is the policy of Montgomery County to treat employees in a fair and equitable manner. I have been unfairly denied an opportunity for upward mobility and the County has used fraudulent information to support that denial. I again ask the Board to perform its duty and to support me in my quest for fair treatment.

Appellant received, in response to his Request, a letter, dated April 3, 1985, signed by Gerald L. Moser, Executive Secretary of the Merit Board.

By letter dated May 15, 1985, the Merit Board found appellee's "request [for reconsideration] to be reasonable and *herein does reconsider.*" (Emphasis supplied). It did so after reviewing the record, reciting what it deemed to be significant events, and observing:

[t]he fact that the County knew it was going to proceed with the promotional process at the time it denied [appellee's] grievance, "in consideration of pending litigation", and then failed to provide this Board with proper information concerning that situation in the judgment of this Board, was highly irregular and inappropriate.

It then vacated its earlier decision and ordered appellee promoted to the next available vacancy, retroactive to the date of the first promotions from the new eligible list.

Being unhappy with the Board's decision, appellants appealed to the circuit court, where they argued that: (1) appellee's request for reconsideration, filed some four months after the original decision, was untimely; (2) the request for reconsideration, lacking specificity as to how the fraud or irregularity occurred, was illegally granted by the Board; (3) the County did not fail to provide pertinent information; and (4) the failure to provide the information relied upon by the Board was, as a matter of law, neither fraud, nor an irregularity. The court sided with the Board and affirmed.

■ Appellants contend, for the first time in this Court, that pursuant to § 2A–10(f), appellee's request for reconsideration automatically was denied, by operation of law, when the Board did not issue its decision granting reconsideration within ten days of receipt of the request. Perhaps anticipating the objection that the issue, not having been raised in, or decided by, the lower court, is not preserved for appellate review, Md. Rule 1085, [an argument, interestingly, not raised by appellee], they proffer that it is a "question as to the jurisdiction of the lower court [which] may be raised and decided in this Court whether or not raised and decided in the lower court." *Id.* This threshold issue having been presented, we pause, as we must, to consider it. *Stewart v. State,* 287 Md. 524, 527, 413 A.2d 1337 (1980); *Rowe v. Chesapeake & Potomac Tel. Co.,* 56 Md.App. 23, 36, 466 A.2d 538 (1983); *Russell v. Russell,* 50 Md.App. 185, 186–87, 436 A.2d 524 (1981).

Section 2A–10(f) provides:

Where otherwise permitted by law, any request for rehearing or reconsideration shall be filed within ten (10) days from a final decision. Thereafter a rehearing or reconsideration may be approved only in the case of fraud, mistake or irregularity. Any request for rehear-

ing or reconsideration shall be in writing, containing supporting reasons therefore, with copies served on all parties of record. *Any decision on a request for rehearing or reconsideration not granted within ten (10) days following the receipt of the request therefor* in accord with Subsection (c) of this section *shall be deemed denied. Any request for rehearing or reconsideration shall stay the time for any administrative appeal pursuant to judicial review until such time as the request is denied or in the event such a request is granted such further time or [sic] a subsequent decision is rendered.* A request for reconsideration or rehearing shall not stay the operation of any order unless the hearing authority so states. (emphasis supplied)

 An examination of the term "jurisdiction" in the context of this case makes clear that appellants' failure to raise the issue below does not prevent it being raised or decided here. In *Stewart v. State, supra,* the Court of Appeals explained:

"[j]uridicially, jurisdiction refers to two quite distinct concepts: (i) the *power* of the court to render a valid [final judgment], and (ii) the propriety of granting the relief sought. 1 Pomeroy, *Equity Jurisprudence* (5th ed. 1941), Secs. 129–31." *First Federated Com. Tr. v. Comm'r,* 272 Md. 329, 334, 322 A.2d 539, 543 (1974) (quoting *Moore v. McAllister,* 216 Md. 497, 507, 141 A.2d 176, 182 (1958)). Thus, it is only when a court lacked fundamental jurisdiction to render the judgment it did that there is an absence of authority in the court so as to render its judgment a nullity. *First Federated Com. Tr. v. Comm'r, supra,* 272 Md. at 334, 322 A.2d at 543.... On the other hand, "the question of whether it was appropriate to grant the relief merges into the final [judgment] and cannot therefore be successfully assailed for that reason once enrolled." *First Federated Com. Tr. v. Comm'r, supra.* The power possessed by a court to hear and determine disputes, including that which is inherent, is derived from applicable constitutional and

statutory pronouncements. (some citations omitted, emphasis in original)

*Id.,* 287 Md. at 526–27, 413 A.2d 1337. *See Preissman v. City of Baltimore,* 64 Md.App. 552, 559, 497 A.2d 826 (1985). Thus, where a statute prescribes that failure to act on the part of the body with the responsibility to act will have a specified effect or consequence, *e.g.,* denial of the relief sought, such a provision is jurisdictional. *See Brodak v. Brodak,* 294 Md. 10, 20–21, 447 A.2d 847 (1982) (discussing *Sherr v. Braun,* 211 Md. 553, 128 A.2d 388 (1957)).

We applied these principles in *Robinson* and reached the result that" § 2A–10(f)'s 'deemed denied' provision" was jurisdictional. 66 Md.App. at 242, 503 A.2d 275. At issue was whether Robinson's appeal had been timely filed. The Merit Board's decision was issued on April 25, 1984 and, within the ten day period, on May 7, 1984, Robinson moved for reconsideration. The Board denied the motion on May 25, 1984. Robinson appealed on June 19. We held that when the Board failed to grant the motion within ten days following its receipt the motion was denied, by operation of law, *i.e.,* on May 17; thus, Robinson's appeal thereafter came too late. Relying on *Scherr v. Braun, supra,* we reasoned:

> "Where the directions of a statute look to the orderly and prompt conduct of business, including the business of a court, it is generally regarded as directory *unless the consequences for failure to act in accordance with the statute are set out,"* (emphasis in original)

*Id.,* 66 Md.App. at 241, 503 A.2d 275, quoting *Scherr,* 211 Md. at 561, 128 A.2d 388, and where, as here,

> "[i]n the statute now under consideration there are specific consequences of a failure to act, and an implication in the literal language that is a negation of the right to act after the time specified,"

*Id.,* § 2A–10(f) deprived the Merit Board of all power to act after ten days. And because the Merit Board's failure to act rendered Robinson's appeal untimely, the circuit court

lacked jurisdiction to consider it. *Id.,* 66 Md.App. at 242, 503 A.2d 275. We explained:

> Section 2A–10(f) is concerned with the "orderly and prompt conduct of [the Board's] business." It is intended to protect the interests of the parties before the agency by preventing delay in deciding a motion for reconsideration. It is designed to require agency action within a specified time limit. If that action does not so occur, it provides for automatic denial of the motion, thereby permitting the parties to proceed to judicial review unhampered by agency procrastination of unknown dimensions that might place their rights in unreviewable limbo for an undetermined period. Moreover, the section sets forth "the consequences for failure to act in accordance with the statute"—automatic denial of the motion to reconsider.

*Id.,* 66 Md.App. at 241, 503 A.2d 275.

We conclude that the appellants' first issue, is properly before us.

Although they did not do so in their initial brief, in apparent response to appellee's argument that the Merit Board timely granted his reconsideration request, appellants argue in their reply brief that § 2A–10(f) requires the Merit Board to render a decision on the merits within the ten day period. This result, they assert, is mandated by the Section's operative sentence, "[a]ny *decision* on a request for rehearing or reconsideration *not granted* within ten (10) days following receipt of the request therefor in accord with subsection (c) of this section *shall be deemed denied,*" (emphasis supplied by appellants), and by the Board's own rules and regulations.[2] Moreover, they say

---

2. Section X1 of the Merit Board Rules Regulations provide:
 Either party may request reconsideration of the Board's decision within ten calendar days from the date of a final decision. Thereafter, the Board may not reconsider its decision, except in the case of fraud, error, surprise or inadvertence. Requests for reconsideration shall be in writing, and contain supporting reasons therefor, with copies served on all parties of record. *Pursuant to Section*

that *Robinson* is a refutation of appellee's construction of the section to require only that reconsideration be granted within the ten day period. They rely upon *Robinson's* explanation of the intent of § 2A–10(f) as being to protect parties before the Board "by preventing delay in deciding a motion for reconsideration" and avoiding "agency procrastination of unknown dimensions that might place [the parties'] rights in unreviewable limbo for an undetermined period."

 The cardinal rule of statutory construction is to ascertain and effectuate the legislative intention. *City of Baltimore v. Hackley*, 300 Md. 277, 283, 477 A.2d 1174 (1984). This is to be done, where possible, by considering the language and terms of the enactment and giving to them their ordinary meaning. *Id.* Where the language used is clear and free from doubt or obscurity, there is no occasion to go further, *Id.*, and no power to evade the plain meaning of the enactment by a forced or unreasonable construction, *Celanese Corporation v. Comptroller*, 60 Md. App. 392, 397, 483 A.2d 359 (1984), or one "inconsistent with common sense". *Blandon v. State*, 304 Md. 316, 319, 498 A.2d 1195 (1985). Furthermore, an enactment must be construed in context, *Comptroller v. Mandel Re-election Comm.*, 280 Md. 575, 374 A.2d 1130 (1977), and so that no part is "rendered surplusage, superfluous, meaningless or nugatory". *Baltimore Building and Constr. Trades Council v. Barnes*, 290 Md. 9, 15, 427 A.2d 979 (1981).

 Application of these principles leads us to conclude that § 2A–10(f) requires only that the *decision whether to grant the request for . . . reconsideration* must be rendered in ten days. If the request is not granted within the

---

2A–10(f) *of the Administrative Procedures Act of the Montgomery County Code, the Board has ten days following receipt of the request to issue a decision.* If a decision is not issued within the ten day period, the request shall be deemed denied. A request for reconsideration shall stay the time for any further appeal until the Board makes a decision on the request. (Emphasis supplied by appellants).

ten day period, it is deemed denied. On the other hand, if it is timely granted, the *"deemed denied"* provision is no longer applicable; the grant of the "request for . . . reconsideration shall stay the time for any administrative appeal . . . [for] such further time [as] a subsequent decision [on the merits] is rendered." The Merit Board's regulation is not inconsistent, but even if it were, § 2A–10(f) would control. *Robinson,* 66 Md.App. at 239, 503 A.2d 275.

Appellants' reliance on *Robinson* is also misplaced. As appellee correctly points out in his brief, we specifically held that the Board's failure to grant the motion in ten days following its receipt resulted in its denial as a matter of law. The issue whether a decision on the merits of the matter as to which reconsideration was sought must be rendered within the ten day period was not specifically presented or decided in *Robinson.*[3] Thus, to avoid any future overbroad reading of our holding in *Robinson,* we reiterate that § 2A–10(f)'s "deemed denied" provision applies whenever a request for reconsideration is not granted within the ten day period, but add, that it does not, when such a request is granted within that period.

■ This does not end our inquiry, however. In order for appellee to win this war, he must win one more battle. Appellee contends that his request for reconsideration was granted by the Merit Board within the ten day period; in fact, he relies upon a letter dated the day after his request was filed:

Re: Request for Reconsideration
 Case # 84–86
Dear Mr. McDonald:
I acknowledge receipt of your Request for Reconsideration because of recent promotional actions in the Department of Police.

---

3. Unlike appellee in the instant case, Robinson did not contend that his request for reconsideration was granted within the ten day period and, so, he did not argue the effect of such action upon the timeliness of his appeal; rather, he argued that the filing of the request stayed the time for appeal until the request was acted upon.

A copy of your appeal has been forwarded to the Personnel Director and Chief Crooke with a request that they submit complete documentation and response to the appeal on or before Thursday, April 18, 1985, with copies provided to you. If you wish, you may review the file in this office during normal working hours (8 a.m.—4:30 p.m., Monday through Friday). You have the right to make final comments, in writing, on or before Thursday, April 25, 1985. The record will then be presented to the Board for review and consideration.

The Board generally makes a decision based on the record, but it may in unusual circumstances, decide to hold a hearing. In such cases, a hearing will be scheduled and you will be notified.

> Sincerely,
> Gerald L. Moser
> Executive Secretary

This letter, he says, constitutes the Merit Board's action granting his request for reconsideration.

On this record, the conclusion would appear inescapable that the letter on which appellee relies is merely the Executive Secretary's acknowledgement of the receipt of appellee's request for reconsideration and an explanation of the procedure the Merit Board follows in such cases, and not the grant by the Merit Board of appellee's request for reconsideration.

The letter is from the Executive Secretary of the Merit Board. Its contents do not even purport to be from the Board. And there is no indication in the letter that appellee's request for reconsideration had even been submitted to the Board, much less granted by it. Furthermore, the Merit Board's decision on reconsideration would appear to negate the argument that the letter granted appellee's request for reconsideration. In fact, conspicuous by its absence from the decision is any mention by the Merit Board of having previously granted appellee's motion for reconsideration. At the same time, the Board does acknowledge that it "herein, does reconsider" its earlier decision.

But the issue cannot be decided on this record. As we have seen, appellant raised the issue of the effectiveness of the Merit Board's reconsidered opinion for the first time on appeal. As a consequence, appellee had no opportunity, except in the context of the record already made, to meet appellant's argument; he was not afforded a fair opportunity to present evidence to prove that the letter on which he relies to meet appellant's assertion was, in fact, the action of the Board. Perhaps such evidence exists. If it does, appellant deserves the chance to present it. Accordingly, we will remand this case to the Circuit Court for Montgomery County for that court to determine whether the Merit Board timely reconsidered its original decision.

JUDGMENT NEITHER AFFIRMED NOR REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO ABIDE THE RESULT.