516 A.2d 1039

**Linda R. MALAMIS, et al.,**

**v.**

**George C. STEIN, et al.**

**No. 247, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Nov. 7, 1986.

Donald S. Goldbloom (Genevieve Yonkers Schaffer, on brief), Cumberland, for appellants.

Stephen C. Wilkinson (Wilson & Wilkinson, on brief), Cumberland, for appellees.

Argued before WILNER, ROBERT M. BELL and POLLITT, JJ.

ROBERT M. BELL, Judge.

This appeal from the judgment of the Circuit Court for Allegany County requires us to determine whether a trial judge must award attorney fees and other litigation expenses to the prevailing party in an action brought pursuant to the Maryland "Sunshine Law", Maryland State Government Code Ann. § 10–501 *et seq.* Because we find that, by its terms, Maryland State Government Code Ann. § 10–510(e)(5)(i) [1] makes such awards discretionary with the trial judge and, that in this case, the trial judge did not abuse his discretion in refusing to make the award sought, we will affirm.

Appellants are the parents of students in grades nine through twelve at the Old Town School, a public school, located in Old Town, Maryland, under the supervision of the Allegany County Board of Education, one of the appellees. The Old Town school was flooded on November 5, 1985, necessitating its being closed and its students being reas-

---

1. Formerly Md.Code Ann. art. 76A, § 14(f), which was repealed by Ch. 284, § 12; Acts of 1984, effective October 1, 1984.

signed to other schools in Allegany County. On November 8, 1985, a meeting was held at a school in Cresaptown, Maryland for the purpose of discussing with these Old Town students the alternative reassignment options available to them. This meeting, of which "reasonable advance notice was given" through radio spots and in the newspaper, *see* § 10–506, was attended by the students and a few parents.

During the open meeting, Dr. H. William Mitchell, the Allegany County School Superintendent, one of the appellees, informed those assembled that the final decision on the reassignment of students would be made at a closed meeting of the Board, to be held at 3:30 p.m. on that day. No prior notice of this meeting had been given to the public. Although three parents did attend the afternoon meeting when the Board overruled Dr. Mitchell's ruling that the meeting was to be closed, appellants alleged that one parent was actually prevented from attending. At the afternoon meeting, a final decision was reached as to the reassignment of the Old Town students. That decision was then released to the news media. The plan was subsequently ratified at a regularly scheduled public meeting, on November 12, 1985,[2] of which appropriate notice had been given.

Appellants filed a Complaint and Petition for Declaratory and Injunctive Relief against the Board of Education, Dr. Mitchell and Glenn Hanna, the Supervisor of pupil personnel. Appellants alleged that the afternoon meeting of November 8, 1985, was "held without reasonable advance notice" and, therefore, violated the "Sunshine Law". They sought a declaration that holding the meeting to finalize the Board's reassignment plan violated § 10–505[3] and, conse-

---

2. A meeting, open to the public, to allow comment on the plan adopted, was held just prior to the Board Meeting. Notice of this meeting was to be given by use of the local media and a telephone tree. As a result of telephone contact, a number of parents attended.

3. Section 10–505 provides:

quently, invalidated the Board's actions in that regard. Additionally, appellants asked for an injunction against implementation of the plan, and an award of "the cost of this action, including reasonable attorneys' fees." Following a hearing, the trial judge found that the Board violated the Sunshine Act. Consequently, he ordered that the Board conduct an open meeting for the purpose of adopting a pupil reassignment plan for Old Town students. He did not, however, void the plan then in effect, which was to remain operative until a new plan was adopted. Concerning appellant's request for attorney's fees, the trial judge ruled:

> The Act provides that the Court as part of its judgment may assess against any party reasonable counsel fees that the party who prevails in the action incurs. The Court finds that while the Board failed to comply with the Sunshine Act its actions were not taken in bad faith nor with an intention to deceive the public. Rather, the Board acted to deal with an emergency situation in an expedited fashion and thereby overlooked statutory requirements. Therefore, the Court declines to award counsel fees in this case.

Feeling aggrieved by that ruling, appellants have appealed to this Court, asserting:

1. The trial court erred when it did not award to the prevailing plaintiff [sic] on the merits, the appellant [sic], counsel fees and other litigation expenses pursuant to Md.State Government Code Ann. Section 10–501 et seq. and section 10–510(e)(5)(i).
2. The trial court erred when it considered the presence or absence of bad faith or the presence or absence of an intent to deceive the public as a measure for

---

Except as otherwise expressly provided in this subtitle, a public body shall meet in open session whenever the public body is carrying out:

(1) an advisory function;
(2) a legislative function; or
(3) a quasi-legislative function.

awarding reasonable counsel fees and other litigation expenses.

3. Even assuming that bad faith and intent to deceive the public were standards to be applied by the Court regarding appellee's behavior, in deciding whether appellants would be awarded counsel fees and other litigation expenses, the court erred in finding that appellees did not act in bad faith or with an intent to deceive the public.

Section 10–510(e)(5)(i) provides:

"A court may:

* * * * * *

(5) as part of its judgment

(i) assess against any party reasonable counsel fees and other litigation expenses that the party who prevails in the action incurred ..."

Relying on federal case law, particularly *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983) and law review articles discussing the award of attorney's fees in environmental litigation,[4] appellants argue:

> To deny reasonable counsel fees and other litigation expenses [pursuant to § 510(e)(5)(i) ] would clearly violate the purposes of the Sunshine Act. The prospect of citizens having to pay attorney fees under the sunshine law provisions even when they do prevail certainly creates a chilling effect on their ability to utilize this section of the law to enforce sunshine laws. Consequently it is clear the trial court abused its discretion and erred as to the law, when it denied Appellants their attorney fees.

Thus, appellants would appear to contend that whenever a plaintiff prevails in an action brought pursuant to the

---

4. "Attorneys' Fees Awards" under Section 307(f) of the Clean Air Act, 63 Boston Univ.L.Rev. 1225 (1983); Ruckelshaus v. The Sierra Club; Muddying the Waters: The Fee Shifting in Federal Environmental Litigation, 11 Pepperdine L.Rev. 441 (1983).

Sunshine law, it is an abuse of discretion for a trial judge to deny that prevailing party reasonable attorney fees.[5] In effect, therefore, they argue that § 10–510(e)(5)(i) is mandatory.[6]

We do not agree. The issue with which we are confronted is one of statutory construction. In *Montgomery County v. McDonald,* we said:

> The cardinal rule of statutory construction is to ascertain and effectuate the legislative intention. *City of Baltimore v. Hackley,* 300 Md. 277, 283 [477 A.2d 1174] (1984). This is to be done, where possible, by considering the language and terms of the enactment and giving to them their ordinary meaning. *Id.* Where the language used is clear and free from doubt or obscurity, there is no occasion to go further, *id.,* and no power to evade the plain meaning of the enactment by a forced or unreasonable construction *Celanese Corporation v. Comptroller,* 60 Md.App. 392, 397 [483 A.2d 359] (1984), or one "inconsistent with common sense." *Blandon v. State,* 304 Md. 316, 319 [498 A.2d 1195] (1985). Furthermore, an enactment must be construed in context, *Comptroller v. Mandel Re-election Comm.,* 280 Md. 575 [374 A.2d 1130] (1977), and so that no part is "rendered surplusage, superfluous, meaningless or nugatory." *Baltimore Building and Constr. Trades Council v. Barnes,* 290 Md. 9, 15 [427 A.2d 979] (1981).

68 Md.App. 307, 317, 511 A.2d 560 (1986); *See Ford Motor Land Devel. Corp. v. Comptroller,* 68 Md.App. 342, 346, 511 A.2d 578 (1986). Moreover, although use of the term, "may" does not necessarily require construction of a statute as permissive, *Hitchins v. City of Cumberland,* 215

---

5. Despite the fact that 5 U.S.C. 552b(i), Government in the Sunshine Act, provides that "[t]he court *may assess* reasonable attorney fees and other litigation costs reasonably incurred by any other party who substantially prevails ...", we have been referred to no cases construing this act.

6. Appellants' reply brief is unequivocal in this regard.

Md. 315, 323, 138 A.2d 359 (1958), "[t]he word bears its ordinary significance of permission unless the context of the purpose of the statute shows that it is meant to be imperative...." *Fleishman v. Kremer,* 179 Md. 536, 541, 20 A.2d 169 (1941). *See also Charles Co. Empl. Loc. Un. v. Bd. of Educ.,* 48 Md.App. 339, 344–47, 427 A.2d 1025 (1981).

Applying the foregoing principles leads to a clear result: the legislature intended that trial judges determine, in their discretion, whether the circumstances warrant the award of attorney's fees or other expenses of litigation. Neither the words used, nor the context of the purpose of the statute warrants a contrary conclusion. Thus, no matter how desirable, or laudatory, the mandatory award of counsel fees might be in furthering the purpose of the Sunshine law, we simply cannot, through the guise of statutory construction, change the plain meaning of the statute. *Ruckelshaus* does not require a different result. Unlike the case *sub judice,* the issue there was whether it was appropriate to award counsel fees to non-prevailing parties, not whether the failure to award such fees to parties who did prevail was an abuse of discretion.

We do not find the denial of attorney fees and other expenses to be an abuse of discretion. Where the trial judge has discretion to award attorneys fees, his or her exercise of that discretion will not be overturned unless clearly erroneous. *See Dent v. Simmons,* 61 Md.App. 122, 127, 485 A.2d 270 (1985). Moreover, the exercise of that discretion is "presumed to be correct until the attacking party has overcome such presumption by clear and convincing proof of an abuse." *Langrall, Muir & Noppinger v. Gladding,* 282 Md. 397, 401, 384 A.2d 737 (1978). *See I.W. Berman Prop. v. Porter Bros.,* 276 Md. 1, 19–20, 344 A.2d 65 (1975). No such clear and convincing proof has been presented here. Accordingly, neither the trial judge's finding that the Board did not act in bad faith or to deceive the

public, nor his reliance on such finding to support his refusal to award attorneys fees is clearly erroneous.[7]

We do not take lightly appellants' approach to the issue of attorney fee awards pursuant to § 10–510(e)(5)(i). We recognize, however, as we must, that the federal cases relied upon by appellants involve an act and issues unlike that presented here. These cases involved litigation brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1981–1986 and attorneys fee awards sought pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *See, e.g. Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (relationship between success in the Civil Rights litigation and the amount of the fee award); *Coen v. Harrison County School Board,* 638 F.2d 24, 27 (5th Cir.1981) (definition of "prevailing party" as used in § 1988); *Bagby v. Beal,* 606 F.2d 411, 414 (3rd Cir.1979) (same, and the appropriateness of the fee award in that case). We further are aware that the legislative history of § 1988, which, like § 10–510(e)(5)(i), uses discretionary language,[8] at least in part, accounts for the interpretation placed upon the act by the Courts which have considered it. *See, e.g., Hensley,* 461 U.S. at 429, 103 S.Ct. at 1937. We have been provided with no comparable legislative history for § 10–510(e)(5)(i). There is, moreover, a significant difference between the rights, the abridgement of which the Civil Rights Act of 1871 [9] is designed to prevent

---

7. The trial judge's findings that the Board did not act in bad faith or with intent to deceive the public are but the reasons for the result he reached. Thus, they must be assessed in the context of the trial judge's exercise of discretion.

8. 42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in federal civil rights actions.

9. Section 1983 of the Civil Rights Act of 1871, for example, provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

and those which are sought to be protected by the Sunshine Law. Thus, there is a rational basis for interpreting the fee award provisions differently.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....