736 A.2d 1177

BALTIMORE COUNTY, Maryland

v.

WESLEY CHAPEL BLUEMOUNT ASSOCIATION et al.

No. 1737, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Sept. 8, 1999.

Douglas N. Silber, Asst. County Atty. (Virginia W. Barnhart, County Atty., on the brief), Towson, for appellants.

J. Carroll Holzer (Holzer and Lee, on the brief), Towson, for appellees.

Argued before DAVIS, SONNER and ADKINS, JJ.

ADKINS, Judge.

This case is an appeal from a judgment of the Circuit Court for Baltimore County awarding attorneys' fees to Wesley Chapel Bluemount Association (Wesley Chapel), appellee, in connection with its successful litigation against Baltimore County (the County), appellant, establishing a violation of the Open Meetings Act, Md.Code (1984, 1995 Repl.Vol.), §§ 10–501 to 10–512 of the State Government Article (SG). Appellant contends that the court erred in: 1) imposing the burden of proof upon Baltimore County to establish that Wesley Chapel should *not* be awarded attorneys' fees; 2) awarding attorneys' fees to Wesley Chapel after finding that Wesley Chapel had not established any of the justifying factors enunciated by the Court of Appeals in *Wesley Chapel Bluemount Ass'n v. Baltimore County*, 347 Md. 125, 699 A.2d 434 (1997); and 3) refusing to grant Baltimore County's motion for summary judgment. We agree with appellant's first contention, and disagree with its second and third contentions. Accordingly, the judgment of the circuit court is affirmed in part and reversed in part. We vacate the award of attorneys' fees and remand the case to the circuit court for further proceedings consistent with this opinion.

## FACTS AND LEGAL PROCEEDINGS

This case originated when Gaylord Brooks Realty Co., Inc., a developer, submitted a concept plan to the Baltimore County Department of Public Works for a subdivision and development in Baltimore County. When the plan was approved by a hearing officer, Wesley Chapel, various nearby property owners, and another community association appealed the decision

to the Baltimore County Board of Appeals (Board) and requested that the Board conduct open deliberations pursuant to the Open Meetings Act. The Board declined Wesley Chapel's request that it publicly deliberate, and affirmed the hearing officer's approval of the development plan. It later issued a written opinion, stating that a hearing on a development plan that did not involve a special exception, variance, or special hearing did not require open deliberations under the "other zoning matter" provision of the Open Meetings Act.

Thereafter, Wesley Chapel sought review of the Board's holding in the circuit court. Contemporaneously, Wesley Chapel filed a petition against the County, the Board, and the Baltimore County Executive, to enforce the Open Meetings Act. The two actions were consolidated. After a hearing on cross-motions for summary judgment, the trial judge concluded that the Board violated the Open Meetings Act by failing to deliberate in public. Accordingly, the court vacated the Board's decision and remanded the case to the Board for further proceedings in open session. The court also ordered the County to pay Wesley Chapel sixty-five percent of the submitted bill for attorneys' fees. The court did not address the merits of the Board's decision affirming the hearing officer.

The present case is the second appeal in this case. In the first appeal, the County challenged the decision of the trial court regarding the applicability of the Open Meetings Act, and the award of attorneys' fees to Wesley Chapel. This Court reversed the trial court on the ground that the review of a development plan is not a "zoning matter" under the Open Meetings Act, and therefore, public deliberation was not mandated. *See Baltimore v. Wesley Chapel Bluemount Ass'n,* 110 Md.App. 585, 591, 678 A.2d 100 (1996), *rev'd,* 347 Md. 125, 699 A.2d 434 (1997). Because of the reversal, we did not address the attorneys' fees issue. Wesley Chapel, the property owners, and the other community association appealed our decision to the Court of Appeals.

The Court of Appeals reversed this Court and held that the Open Meetings Act required the Board to deliberate in public when considering a subdivision development plan, which constitutes "a kind of 'other zoning matter' intended to be included within" the Open Meetings Act. *Wesley Chapel,* 347 Md. at 148, 699 A.2d 434. The Court directed that we remand the case to the circuit court for further proceedings to determine whether: 1) the violation of the Open Meetings Act justified vacating the Board's order; and 2) the violation justified an award of attorneys' fees. *See id.* at 149–50, 699 A.2d 434. With regard to the issue of attorneys' fees, the Court of Appeals said:

> Although, as we have indicated, an assessment of attorney's fees under § 10–510(d)(5) does not depend on a finding of willfulness, the animus of the board, if any, would certainly be a factor to consider. We do not believe that the Legislature intended for such assessments to be automatic upon a finding of a violation, for that would require the diversion of scarce public funds for fee-shifting purposes merely because a public body guessed wrong on the eventual outcome of a legal issue. Courts considering fee assessments need to take into account, among other things, whether, how, and when the issue of a closed session or other prospective violation was presented to the public body, the basis, if any, the public body gave for concluding that its action was permissible under the [Open Meetings] Act, whether that basis was a reasonable one under the law and the circumstances, whether the amounts claimed are reasonable, and the extent to which all parties acted in good faith.

*Id.*

While the case was pending before the Court of Appeals, the developer and appellees entered into an agreement for the approval of an alternate development plan for the subdivision and development. This agreement rendered moot the first issue, and left pending only the matter of attorneys' fees.

Upon remand to the circuit court, the County moved for summary judgment on the issue of attorneys' fees. Wesley

Chapel answered and filed a cross-motion for summary judgment. The circuit court denied the motions, and, after an evidentiary hearing on August 4, 1998, the court announced its decision, reviewing the pertinent factors mentioned by the Court of Appeals. It first considered whether there was animus:

'The animus of the Board, if any, would certainly be a factor to consider.' I never thought that they were evil intentioned. I certainly thought ... that they ... should have known that anything involving zoning ... had to be deliberated in open. But then again, you never asked them to just deliberate the zoning aspect of it. You asked them to do everything. . . .

\* \* \*

So I have to be mindful of the fact that ... animus is to be considered; and I just can't find any. . . . There is no illwill.

The court also found that the Board acted in good faith. Having concluded that the Board had no animus and acted in good faith, the court focused on a more difficult task: the determination of whether the shared viewpoint of the Board, this Court, and in part, the circuit court, was reasonable. The court concluded that the Board's position was a reasonable one:

'Whether the basis was a reasonable one under the law and circumstances.' ... Was their position a reasonable one? To me it was unreasonable to suspect that zoning somehow was not going to be open because that was very, very clear. Was it reasonable to say that otherwise the development process was closed? It has to be viewed as reasonable when the Court of Special Appeals agreed with them, I think, and I agreed with them. . . .

After extensive dialogue between the court and counsel, the court made its final ruling and awarded sixty-five percent of the fee requested. It stated:

All right. My award is seven thousand dollars. There is no animus. There is no absence of good faith. It is not

automatic. The Board was not completely reasonable. The position of the Board was an outright situation of we ain't going to hear it. And you can't get away from the fact that everybody agrees that part of this was zoning. The Board closed them off completely and said we don't care what it is, we are not going to hear it. That is not reasonable.

The situation is that there was no effort to make an accommodation. The Board should not and the County should not be charged with paying the whole fee because there is some room for differences of opinion here. There are some problems with it. In my opinion, looking at the bill and listening to [Wesley Chapel's attorney's] testimony and seeing it, the bill as submitted was reasonable for the work that was done. It is just that the absence of factors in my opinion that would show animus or a lack of good faith means that [Wesley Chapel] had to pay part of the toll to win their case in the Court of Appeals.

The County appeals from the written order effectuating this ruling.

Additional facts will be added as necessary to supplement our decision.

## DISCUSSION

### I.

### Standard Applied by Trial Court
### When Awarding Attorneys' Fees

Section 10–510(d)(5) of the Open Meetings Act authorizes the assessment of attorneys' fees in favor of a prevailing party. *See* SG § 10–510(d)(5). The Court of Appeals has not yet enunciated a comprehensive standard to be applied in considering attorneys' fee requests under the Open Meetings Act. In its opinion in the first appeal of this case, the Court of Appeals mentioned several factors to be considered upon such a request for fees, but indicated that there were other, unspec-

ified factors. *See Wesley Chapel,* 347 Md. at 149–50, 699 A.2d 434.[1]

Upon remand, the circuit court considered the factors directed by the Court of Appeals. In doing so, however, it adopted a new rule of its own, creating a rebuttable presumption that the prevailing party is automatically entitled to attorneys' fees. It couched this presumption in terms of a burden of proof. During argument, the court announced this new "rule":

> I rule that it is not [Wesley Chapel's] burden. I rule that it is [the County's burden]. The Court [of Appeals] didn't say that. To my way of thinking, they have been done in and the situation is that it then shifts to the County to tell why you [held a closed session]. The Court of Appeals has said that the County did wrong.
>
> \*     \*     \*
>
> [The County] lost.... In my way of thinking, [Wesley Chapel] win[s], unless [the County] can convince me otherwise.
>
> \*     \*     \*
>
> I'm most respectfully telling [Baltimore County] that it is [its] burden.

We characterize the court's ruling as a presumption because it does not fit neatly within any of the three categories commonly considered to be burdens of proof: the burden of pleading, the burden of production of evidence, or the burden of persuasion. *See* 5 Lynn McLain, *Maryland Evidence* § 300.1, at 132 (1987). Regardless of how its ruling is characterized, what the trial court did was to presume that the prevailing party would be entitled to attorneys' fees absent a showing of special circumstances justifying the denial of an award.

---

1. The Court went on to say that "[i]t is not entirely clear that the issue of attorney's fees is before us in any event", because the matter was not addressed by the Court of Special Appeals and not briefed by Wesley Chapel. *Id.* at 150 n. 14, 699 A.2d 434.

The County argues that the trial court erred in applying this presumption, and we agree. At issue here is a question of statutory construction and public policy: under what circumstances should the public body bear the cost of litigating controversies over the interpretation of the Open Meetings Act. Although the issue has not been clearly decided, the Court of Appeals, as well as this Court, have been reluctant to routinely shift this burden to the public body.

In *Malamis v. Stein,* 69 Md.App. 221, 516 A.2d 1039 (1986), this Court decided that an award of fees to the prevailing party under SG § 10–510(e)(5)(i) was not mandatory. Rather, we concluded that the Legislature intended that trial judges "determine, in their discretion, whether the circumstances warrant the award of attorney's fees or other expenses of litigation." *Id.* at 227, 516 A.2d 1039. In that case, the plaintiffs argued:

> To deny reasonable counsel fees and other litigation expenses [pursuant to the Open Meetings Act] would clearly violate the purposes of the [Open Meetings Act]. The prospect of citizens having to pay attorney fees under the [Open Meetings Act] provisions even when they do prevail certainly creates a chilling effect on their ability to utilize this section of the law to enforce [the Open Meetings Act].

*Id.* at 225, 516 A.2d 1039. Now Chief Judge Robert M. Bell of the Court of Appeals, writing for this Court, rejected the plaintiff's argument, reasoning:

> Neither the words used, nor the context of the purpose of the statute warrants a contrary conclusion. Thus, no matter how desirable, or laudatory, the mandatory award of counsel fees might be in furthering the purpose of the [Open Meetings Act], we simply cannot, through the guise of statutory construction, change the plain meaning of the statute.

*Id.* at 227, 516 A.2d 1039. Instead, we held that the trial court has discretion to award attorneys' fees, and such discretion will not be overruled unless the court was clearly erroneous. *See id.*

The subject of attorneys' fees under the Open Meetings Act was not addressed again by a Maryland appellate court until the first appeal of the instant case. The Court of Appeals articulated the policy underlying the rule applied in *Malamis,* reasoning that to make fee awards "automatic upon a finding of a violation, . . . would require the diversion of scarce public funds for fee-shifting purposes merely because a public body guessed wrong on the eventual outcome of a legal issue." *Wesley Chapel,* 347 Md. at 150, 699 A.2d 434.

We think that the trial court's application of a presumption that Wesley Chapel was entitled to a fee award unless the County showed special circumstances why it should not be, is inconsistent with the policy expressed by the Court of Appeals and our *Malamis* decision. We see the presumption applied by the trial court as similar to a mandatory or automatic award of fees to the prevailing party. The Court of Appeals, however, said that an automatic award is contrary to the Legislature's intent. *See id.* at 149–50, 699 A.2d 434. Like a mandatory rule, such a presumption still "change[s] the plain meaning of the statute," because it engrafts upon the statute a preference for shifting the fee that is not stated therein. *Malamis,* 69 Md.App. at 227, 516 A.2d 1039. For these reasons, we vacate the fee award and remand to the circuit court to exercise its discretion regarding the imposition of fees. Upon remand, the circuit court should not apply a *presumption* that attorneys' fees should be awarded simply because Wesley Chapel prevailed.

## II.

### The County's Argument That Animus or Bad Faith is Required

The County argues in its brief that the trial court also erred in awarding fees after finding that there was no animus on the part of the Board, the Board acted in good faith, and the Board was reasonable in its interpretation of the Open Meetings Act. In essence, the County argues that, if the public body acts without animus, in good faith, and reasonably, no

fees can be awarded to the prevailing private party. Thus, the County also seeks to engraft upon the statute language that the Legislature did not adopt. The County would have section 10–510(d)(5) read as follows, with the bracketed words added to the existing statute:

A court may ... as part of its judgment:

(i) assess against any party [who acts with animus, without good faith, or unreasonably,] counsel fees and other litigation expenses that the party who prevails in the action incurred....

Just as the Legislature expressed no presumption in *favor* of awarding fees, it expressed no conditions precedent to an award other than requiring that the party seeking the award prevail in the litigation. Thus, even if the trial court finds that the public body acted without animus, in good faith, and reasonably, it may still impose fee awards if it reasonably concludes that the circumstances justify such an award.

The circumstances considered by the trial court in this case are of a type that could justify such an award. Although the trial court said that it was imposing upon the County the burden to show why attorneys' fees should *not* be awarded, it did not rely merely on the absence of special circumstances as a basis for the award. We again review the court's words:

The Board should not and the County should not be charged with paying the whole fee because there is some room for differences of opinion here. There are some problems with it. In my opinion, ... the bill as submitted was reasonable for the work that was done. It is just that the absence of factors ... that would show animus or a lack of good faith means that [Wesley Chapel] had to pay part of the toll to win their case in the Court of Appeals.

Based upon the above statement, we think that the court may have considered the following factors in reaching its decision: 1) the issue of whether the Board, in considering a development plan, is required under the Open Meetings Act to deliberate in public presented an important and recurring issue that needed appellate review; 2) considering the benefit

to the parties and the public in resolving this issue, the private party who brought litigation to trigger this appellate review should not suffer the full expense of its attorneys' fees; and 3) because the Board acted in good faith and its position was reasonable, the Board should not be required to pay 100% of the private party's fee. Had the trial court *not* made it clear that it was applying a presumption that the prevailing party was entitled to fees, we could affirm the court's award on the grounds that the award, based on these considerations, was within its discretion. *See id.*

Because the trial court clearly applied such presumption, however, we must vacate the award because we do not know what its decision would have been, absent such presumption.

### III.

### The County's Argument That Summary Judgment Should Have Been Granted

■ Appellant next argues that the court erred in not granting summary judgment in favor of the County and denying Wesley Chapel's request for an award of attorneys' fees. Appellant contends that Wesley Chapel offered no competent evidence of its fees in response to the County's motion for summary judgment, and therefore, the motion should have been granted and the August 4 evidentiary hearing should not have been held.

■ The standard for appellate review of a trial court's denial of a motion for summary judgment requires us to determine whether the circuit court was legally correct. *See Heat & Power Corp. v. Air Prods. & Chems., Inc.,* 320 Md. 584, 591, 578 A.2d 1202 (1990). In so doing, we review the same material from the record and ordinarily decide the same legal issues as the circuit court. *See Nationwide Mut. Ins. Co. v. Scherr,* 101 Md.App. 690, 695, 647 A.2d 1297 (1994), *cert. denied,* 337 Md. 214, 652 A.2d 670 (1995).

■ Motions for summary judgment are governed by Rule 2–501, which provides that "[t]he court shall enter judgment in

favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." Md. Rule 2–501(e). In making its determination, the circuit court must view the facts and all inferences from those facts in the light most favorable to the non-moving party. *See Brown v. Wheeler*, 109 Md.App. 710, 717, 675 A.2d 1032 (1996). When the underlying facts are undisputed, but produce more than one permissible inference, the choice between those inferences should not be made by the court as a matter of law, but should be submitted to the trier of fact. *See Fenwick Motor Co. v. Fenwick*, 258 Md. 134, 138, 265 A.2d 256 (1970).

In its motion for summary judgment, the County argued that the Board, sitting as a quasi-judicial body, acted in good faith and with a reasonable basis in upholding the hearing officer's approval of the development plan and in conducting closed hearings. As a result, it argued there was no basis for the assessment of counsel fees. It plainly asserted that "the only facts material and germane concern whether or not the Board acted in bad faith and without reasonable basis in violating the Open Meetings Act." The County's motion did not mention the amount of any potential fee award, or that there was any dispute regarding the amount or any facts relating to a determination of the amount of any award. The affidavits filed by the County related only to the good faith intentions of the Board in making its decision with respect to the Open Meetings Act. Quite simply, the County's sole assertion in its motion for summary judgment was that attorneys' fees were not justified under the circumstances of the case, regardless of amount.

The court, when ruling on the County's motion, was governed by Rule 2–501. Subsection (b) of this Rule provides:

The response to a motion for summary judgment shall identify with particularity the material facts that are disputed. *When a motion for summary judgment is supported by an affidavit or other statement under oath, an opposing party who desires to controvert any fact contained in it*

may not rest solely upon allegations contained in the pleadings, but shall support the response by an affidavit or other written statement under oath.

(Emphasis added). Under this rule, Wesley Chapel had no obligation to file an affidavit or other statement under oath regarding the amount of its fees *in response to* the County's motion because the County did not raise any dispute regarding the amount of fees, and did not file an affidavit stating what would be a reasonable amount if the circumstances merited a fee award. In its response, Wesley Chapel provided a summary of the hours expended, its hourly rate, and noted:

The County has never objected to the reasonableness of the [c]ounsel fees. The hourly rate is well below what would be charged in the private sector, and the time expended is not extraordinary in view of the amount of research, review, paper work, and oral argument that this case has generated.

In response, the County did not dispute Wesley Chapel's assertion that there was no disagreement concerning the reasonableness of the fees. Again, it did not even mention the amount of any fee award, but argued only that there was no justification for a fee.

The County seems to ignore that it was the party who filed the motion being considered. The issue raised by the County in its summary judgment motion was whether the Board could be assessed fees when it acted reasonably and in good faith. The trial court decided against the County on that issue. It had no obligation to go further and consider whether Wesley Chapel had proven the amount of a reasonable fee at the summary judgment level.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED IN PART AND REVERSED IN PART; ORDER AWARDING ATTORNEYS' FEES IS VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.**