47 A.3d 1097

**Daniel J. BARUFALDI**

v.

**OCEAN CITY, MARYLAND CHAMBER OF COMMERCE, INC. et al.**

**No. 270, Sept. Term, 2011.**

Court of Special Appeals of Maryland.

June 29, 2012.

284

Philip B. Zipin, Silver Spring, MD (Julie Martin–Korb, Rockville, MD, on the brief), for appellant.

Bruce F. Bright (Ayres, Jenkins, Gordy & Almand, PA, on the brief), Ocean City, MD, for appellee.

Panel: MEREDITH, GRAEFF and HOTTEN, JJ.

GRAEFF, J.

This is the second appeal arising from an employment contract dispute between the Ocean City Chamber of Commerce (the "Chamber"), appellee, and Daniel Barufaldi, appellant, the Chamber's former executive director. In April 2008, after a dispute arose regarding the Chamber's payment of his bonus compensation, Mr. Barufaldi filed suit against the

Chamber in the Circuit Court for Worcester County. He alleged, among other claims, violations of the Maryland Wage Payment and Collection Law ("WPCL"), Md.Code (2008 Repl. Vol., 2011 Supp.) §§ 3–501 *et seq.* of the Labor and Employment Article ("L.E.").[1] The jury rendered a verdict in favor of Mr. Barufaldi, finding that the Chamber violated the WPCL.

Mr. Barufaldi then filed a motion for attorneys' fees pursuant to the WPCL's fee-shifting provision. The circuit court denied the motion, and Mr. Barufaldi appealed. In the first appeal, this Court affirmed the jury's verdict on all counts, but we vacated the circuit court's order denying the motion for attorneys' fees and remanded for further proceedings. *Barufaldi v. Ocean City Chamber of Commerce, Inc.*, 196 Md.App. 1, 6–7, 36–37, 7 A.3d 643 (2010) (*"Barufaldi I "*). On remand, the circuit court again denied Mr. Barufaldi's request for attorneys' fees.

In this second appeal, Mr. Barufaldi presents three questions for our review,[2] which we have rephrased and consolidated as follows:

Did the circuit court err when it denied Mr. Barufaldi's request for an award of attorneys' fees and costs?

For the reasons set forth below, we shall reverse the judgment of the circuit court.

---

1. In this opinion, we will refer to the current statute. There have been no substantive changes in the cited passages since the date of the original dispute.

2. Mr. Barufaldi's three questions presented are as follows:
 1. Did the trial court err in denying an award of attorney's fees and costs under the Maryland Wage Payment & Collection Law because the trial court found "an absence of bad faith on behalf of the defendants" in contravention of the jury's special verdict finding "no bona fide dispute"?
 2. Did the trial court err in denying an award of attorney's fees and costs under the MWPCL where there were no "particular circumstances" militating against such award?
 3. Did the trial court err in using a test for awarding attorney's fees in ERISA cases to determine whether to award any attorney's fees and costs under the MWPCL?

## FACTUAL AND PROCEDURAL BACKGROUND

We presented a detailed factual background of this case in *Barufaldi I*, 196 Md.App. at 8–13, 7 A.3d 643. Accordingly, in this case, we provide only a brief discussion of the facts leading up to the prior appeal, for context, and then we will discuss the circumstances leading to this appeal.

The Chamber, an association of businesses designed "to increase tourism and business opportunities" in Ocean City, hired Mr. Barufaldi in 2005 to be its executive director. *Id.* at 8, 7 A.3d 643. Mr. Barufaldi's employment contract provided that he would receive a base salary of $52,000 per year and incentive-based compensation that would be calculated, within 60 days, according to a "base line net revenue figure, based upon historical financial documentation, for each quarter." *Id.* at 9, 7 A.3d 643. Mr. Barufaldi asserted that the Chamber refused to determine the base line net revenue figure, preventing him from calculating and obtaining his incentive-based compensation. *Id.* at 10, 7 A.3d 643. After negotiations failed, Mr. Barufaldi eventually tendered his letter of resignation. *Id.* at 11, 7 A.3d 643.

On April 3, 2008, Mr. Barufaldi filed suit against, among others, the Chamber, alleging breach of contract and violations of the WPCL. *Id.* at 11–12, 7 A.3d 643. He asserted that the Chamber "wrongfully ... withheld incentive-based compensation due and owing under" his employment contract, and he sought treble damages, costs, and attorneys' fees pursuant to the WPCL. *Id.* at 12, 7 A.3d 643. After a three-day jury trial, the jury found in favor of Mr. Barufaldi, finding that: (1) the Chamber breached its employment contract with Mr. Barufaldi; (2) Mr. Barufaldi was damaged as a result of the contract breach in the amount of $60,000; (3) the Chamber violated the WPCL; (4) the Chamber's failure to pay wages to Mr. Barufaldi was not the result of a *bona fide* dispute; and (5) Mr. Barufaldi was not entitled to damages under the WPCL above the $60,000 in contract damages awarded. *Id.* at 28, 7 A.3d 643. Mr. Barufaldi then filed a motion, pursuant to the WPCL, requesting $160,275.97 in attorneys' fees and

costs. *Id.* at 34, 7 A.3d 643. The circuit court denied the motion. *Id.*

## First Appeal

Both parties appealed to this Court. *Id.* at 7, 7 A.3d 643. In *Barufaldi I,* as indicated, this Court affirmed the circuit court's judgment in favor of Mr. Barufaldi, but we vacated the order denying Mr. Barufaldi's request for attorneys' fees. *Id.* at 36–37, 7 A.3d 643.

With respect to the request for attorneys' fees, Judge Deborah Eyler, writing for this Court, stated that "[t]he WPCL is a fee-shifting statute," which provides that, if an employer withholds wages not as a result of a *bona fide* dispute, a court may award reasonable attorneys' fees, noting that "courts should exercise their discretion liberally in favor of awarding a reasonable fee, unless the circumstances of the particular case indicate some good reason why a fee award is inappropriate in that case." *Id.* at 35, 7 A.3d 643 (quoting *Friolo v. Frankel,* 373 Md. 501, 518, 819 A.2d 354 (2003) ("*Friolo I* ")) (emphasis omitted). We noted that the circuit court gave no explanation regarding its reason for denying the motion for attorneys' fees, and thus, we could not "tell whether the court exercised discretion in making its ruling or, if it did, how it did." *Id.* at 36, 7 A.3d 643. We stated: "Given that the jury made the predicate finding of willfulness on the part of the Chamber, and given the remedial purposes of the WPCL, it was incumbent upon the trial court to set forth particular circumstances militating against any award of fees in this case." *Id.* We remanded for further proceedings, noting that where a jury finds no *bona fide* dispute, the "court may choose not to award fees for many reasons, but not on the basis that the wages in fact were withheld as a result of a bona fide dispute." *Id.* at 36, 7 A.3d 643.

## Proceedings on Remand

On November 10, 2010, Mr. Barufaldi filed a supplemental motion for an award of attorneys' fees and costs, requesting additional attorneys' fees in the amount of $41,770.50 and costs

in the amount of $11,125.86. The supplemental fees and costs were for legal services Mr. Barufaldi's counsel rendered in connection with the successful appeal.

In its written response, the Chamber argued that the circuit court should deny any request for fees or costs. It asserted that, in deciding whether to award fees, the court should adopt the factors, discussed *infra*, that federal courts use in determining whether to apply the fee-shifting provision of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The Chamber asserted that application of the ERISA factors weighed against an award of fees.

With respect to one of the ERISA factors, the ability to pay, the Chamber attached the affidavit of Melanie Pursel, its Executive Director. In the affidavit, Ms. Pursel stated that "[a]ny meaningful award of fees and costs in this case would jeopardize in a very real sense the existence and continuing financial viability of the Chamber, which has existed as an important promoter of the business community for over fifty years." She stated that the Chamber, a private, non-profit entity organized to promote tourism and commerce in Ocean City, had not earned any net profit for over a decade, and that, to secure a stay of enforcement of the money judgment, the Chamber had to borrow $60,000 from a financial institution.

On December 20, 2010, Mr. Barufaldi filed a reply in support of his motion for attorneys' fees objecting to the Chamber's proposed application of the ERISA factors. He argued that the Court of Appeals had never adopted this test, and that the proposed five-factor test ran afoul of the existing case law on the WPCL's fee-shifting provision. With respect to the affidavit submitted by the Executive Director of the Chamber, relating to the inability to pay, Mr. Barufaldi stated that this assertion was "factually questionable," arguing that the Chamber is a membership organization that received dues from its members, and it could assess the members for other obligations. In any event, Mr. Barufaldi argued, the financial

condition of the Chamber was irrelevant as a factor in considering an award of attorneys' fees.

On March 25, 2011, the circuit court denied the motion. In its written opinion, the court noted that "Maryland [c]ourts have not set forth factors to be considered in making the determination of whether or not to impose attorneys' fees." The court, therefore, looked to factors considered by federal courts in awarding fees pursuant to ERISA's fee-shifting provision. These factors, as set forth by the circuit court, are as follows:

"(1) the degree of opposing parties' culpability or bad faith; (2) the ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself[;] and (5) the relative merits of the parties' positions."

(Quoting *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1029 (4th Cir.1993)).

In applying these factors, the circuit court made the following findings, before concluding that the circumstances weighed against awarding attorneys' fees:

[T]he Court finds that there is an absence of bad faith on behalf of the defendants. The inartful language of the contract caused the meaning of "net revenue" to be sufficiently ambiguous that even the testimony of the experts differed as to the actual meaning and effect of that language as included in the contract.

Concerning factor number two the ability to pay, the affidavit of Melanie Pursel is uncontradicted.[3] Melanie Pursel, as executive director of the Ocean City Chamber of

---

3. As indicated, Mr. Barufaldi did assert, in his written reply in support of his motion for fees and costs, that the assertions in the affidavit were "factually questionable." It does not appear that there was a hearing on the motion.

Commerce, is in charge of its financial affairs. According to her affidavit[,] the Chamber is a private, non-profit membership organization, and its limited income is derived from membership dues, donations and advertising revenue. The Affidavit states that the Chamber of Commerce has not earned or reported any net profit, nor has its advertising company generated any net taxable income, for well over a decade. Any net revenue the Chamber of Commerce receives subsidizes its operating losses. Having borrowed $60,000.00 to pay into the court registry in order to stay enforcement of the judgment, the affidavit goes on to assert that an award of attorneys' fees would likely render the Chamber insolvent.

In consideration of factor number three, the deterrent effect of a fee award, the court finds that such an award would not create any appreciable deterrent effect, and consistent with Melanie Purcel's affidavit, such an award could actually jeopardize the actual existence of the Chamber[ ], rather than having the desired deterrent effect.

Fourthly, any applicability of the lawsuit beyond the facts of this case is negligible. The facts that give rise to this case are made unique as a result of the contract of employment, which was somewhat ambiguous due to the lack of clarity of terms.

The fifth and last factor to be considered ... is the relative merits of the parties' positions. Simply said, the court determined this to be a close case.

The opinion stated that, for the above reasons, the motion for attorneys' fees was denied.

Mr. Barufaldi filed a timely notice of appeal.

### DISCUSSION

■ The WPCL places a duty on employers to "pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Friolo I*, 373 Md. at 513, 819 A.2d 354. L.E. § 3–507.2(a) authorizes employees to bring lawsuits against their employers if the em-

ployer fails to pay wages due within two weeks of the scheduled payment date. Section 3–507.2(b) authorizes courts to award attorneys' fees and treble damages to employees who successfully pursue legal action to recover unpaid wages:

(b) *Award and costs.*—If, in an action [to recover unpaid wages], a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs.

■ The purpose of these provisions is "to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages." *Battaglia v. Clinical Perfusionists, Inc.,* 338 Md. 352, 364, 658 A.2d 680 (1995). "Critical to the achievement of this goal is providing a mechanism, here, the fee shifting statute, and an incentive, based on a realistic expectation of reasonable compensation, for attorneys to agree to take on wage dispute cases, even where the dollar amount of the potential recovery may be relatively small." *Friolo v. Frankel,* 403 Md. 443, 457–58, 942 A.2d 1242 (2008) (*"Friolo III ").*

■ An award of attorneys' fees to a prevailing employee under the WPCL involves a three step process. First, there must be a determination whether the withholding of the wages was "not as a result of a bona fide dispute." L.E. § 3–507.2(b). A *bona fide* dispute is one in which the employer resisting the employee's claim for unpaid wages "has a good faith basis for doing so," when there is "a legitimate dispute over the validity of the claim or the amount that is owing." *Admiral Mortg., Inc., v. Cooper,* 357 Md. 533, 543, 745 A.2d 1026 (2000). This inquiry is concerned with the employer's "actual, subjective belief that the party's position is objectively and reasonably justified." *Friolo v. Frankel,* 201 Md.App. 79, 130 n. 42, 28 A.3d 752 (2011) (*"Friolo IV ")*, *cert. granted,* 424 Md. 54, 33 A.3d 981 (2011). This issue is a jury question, which "may not be second guessed by the court in determining the entitlement to fees." *Barufaldi I,* 196 Md.App. at 35–36, 7

A.3d 643. *Accord Programmers' Consortium, Inc., v. Clark,* 409 Md. 548, 549–50, 976 A.2d 290 (2009). Here, the jury found that the Chamber's failure to pay wages was not a result of a *bona fide* dispute.

The second step, after a finding that there was "no *bona fide* " dispute, requires the court to decide *whether* to award a fee. In making this determination, the Court of Appeals has stated that, given the remedial purpose of the statute, "courts should exercise their discretion liberally in favor of awarding a reasonable fee, unless the circumstances of the particular case indicate some good reason why a fee award is inappropriate in that case." *Friolo I,* 373 Md. at 518, 819 A.2d 354.

█ And finally, the third step, if the court decides to grant attorneys' fees, is for the court to determine the amount of fees to award. In making this determination, the court must apply a "lodestar" analysis. *Id.* at 529, 819 A.2d 354. *Accord Frankel v. Friolo,* 170 Md.App. 441, 449, 907 A.2d 363 (2006) (*"Friolo II"*), *aff'd,* 403 Md. 443, 942 A.2d 1242 (2008); *Friolo III,* 403 Md. at 450, 942 A.2d 1242; *Friolo IV,* 201 Md.App. at 105, 28 A.3d 752.

This case involves the second step, *whether* to award attorneys' fees. The parties have differing views regarding whether the circuit court applied the proper standard in denying Mr. Barufaldi's request for attorneys' fees.

Mr. Barufaldi contends that the circuit court erred in its analysis, asserting that the Court of Appeals, in *Friolo I,* established "a presumption that the plaintiff 'should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust.' " He argues that the circuit court disregarded "the *Friolo* precedents, and instead adopted a novel legal test for denying attorneys' fees" under the WPCL that is inconsistent with Maryland law.[4]

---

4. An amicus brief was filed in this case by the Public Justice Center, American Civil Liberties Union of Maryland, Maryland Employment Lawyers Association, Metropolitan Washington Employment Lawyers Association, National Federation of the Blind of Maryland, D.C. Em-

The Chamber contends that the circuit court did not abuse its broad discretion in denying Mr. Barufaldi's claim for attorneys' fees and costs, asserting that the court's "decision to do so was amply supported and explained with reference to multiple valid reasons." It asserts that Mr. Barufaldi, as well as the Amici, argue for an "absolute requirement that, in *all* wage payment cases where a plaintiff prevails and the jury finds no bona fide dispute, the trial court *must* award fees and costs." This argument, the Chamber asserts, fails to acknowledge that the General Assembly and the Court of Appeals recognize that the decision whether to award fees is discretionary. The Chamber states that "Maryland appellate courts, thus far, have not specified factors to be considered by the trial court in exercising its discretion in [WPCL] cases[ ] as to *whether* to award fees." It asserts that, in light of this absence of developed law, the court's reliance on the statutory factors in analogous ERISA cases was proper because circuit courts have "broad discretion to consider a variety of factors in deciding whether to grant or deny the request for fees."

 The first issue we must resolve is the proper standard of review to assess the circuit court's decision not to award Mr. Barufaldi attorneys' fees and costs. Typically, we would review the circuit court's decision regarding whether to award attorneys' fees pursuant to the WPCL for an abuse of discretion. *Friolo I*, 373 Md. at 512, 819 A.2d 354; *Barufaldi*

ployment Justice Center, and Washington Lawyers' Committee for Civil Rights and Urban Affairs. It similarly argues that Maryland appellate case law has "established a presumption in favor of awarding attorneys' fees" in WPCL cases, a presumption that "creates important incentives for all parties to act in ways that benefit the public at large." They argue that "[r]outinely awarding attorneys' fees under the WPCL, as required by law, encourages all employers to comply with the law by raising the expected costs of unlawful behavior," and it "increases the *likelihood* that the law will actually be enforced" by "enabling low- and middle-income workers to enforce the law through private litigation— which would be practically impossible if such plaintiffs could not depend on the prospect of fee-shifting awards to attract private counsel." They state that " 'fee-shifting statutes were designed to level the playing field for individuals who would otherwise have little opportunity to insist on enforcement of existing laws.' " (Citation and quotation omitted).

*I,* 196 Md.App. at 35–36, 7 A.3d 643. Here, however, the issue is whether the circuit court, in exercising its discretion, applied the proper standard when it declined to award fees. This is a question of law, which we review de novo. *Friolo I,* 373 Md. at 512, 819 A.2d 354 (stating that a circuit court's application of incorrect law in exercising its discretion while awarding fees is a legal question, reviewed de novo).

We next address whether, as argued by Mr. Barufaldi and the Amici, the WPCL establishes a presumption in favor of an award of attorney fees. Because the parties rely on *Friolo I* in making that assertion, we begin our analysis by looking at that case.

In *Friolo I,* the Court of Appeals discussed the WPCL at length. It noted that the language of the statute, that the court "may" award counsel fees, reflected that there was no statutory requirement that the court award fees, but rather, an award of fees was a discretionary decision. 373 Md. at 512, 514, 819 A.2d 354. After reviewing the legislative history of the WPCL, however, the Court stated that it was clear "that the Legislature intended that discretion to be exercised liberally in favor of awarding fees, at least in appropriate cases." *Id.* at 515, 819 A.2d 354.

The Court discussed the genesis of the WPCL as follows:

The substantive provisions of the Payment Law were first enacted in 1966. 1966 Md. Laws, ch. 686. The law allowed the Commissioner of Labor and Industry to file suit on behalf of employees to collect wages that were unlawfully withheld and provided minor criminal penalties for violations, but it provided no statutory action for the individual employee. The employee was presumably free to file a breach of contract action against the employer if the employee either was knowledgeable enough to do so on his or her own or could find a lawyer willing to take the case. Over the years, the law was amended, first to provide for civil penalties of up to 10%, later 20%, of the wages due, and, in 1983, to substitute for the civil penalties a provision that permitted a court, in an action by the Commissioner, to

award to the employee up to three times the amount of wage unlawfully withheld if the court found that the withholding was not a result of a bona fide dispute. The law said nothing about counsel fees.

*Id.* at 515–16, 819 A.2d 354.

The Court noted that the impetus, in 1993, for what is now § 3–507.2, was budgetary constraints that rendered the Division of Labor and Industry unable to enforce the WPCL. *Id.* at 516, 819 A.2d 354. *Accord Balt. Harbor Charters, Ltd. v. Ayd,* 365 Md. 366, 382–83, 780 A.2d 303 (2001) (discussing how budgetary constraints created a need for creation of the private cause of action and fee-shifting provisions).[5] In 1993, in response to the inability of the government to pursue unpaid wage claims, two bills were introduced in the General Assembly to amend the WPCL to permit employees to file their own lawsuits to recover unpaid wages. *Friolo I,* 373 Md. at 516–17, 819 A.2d 354. The House Bill provided for automatic treble damages and attorneys' fees if the employee prevailed, but the Senate Bill did not include such a provision. *Id.* at 517, 819 A.2d 354.

During testimony on the House Bill, the Executive Director of the Maryland Volunteer Lawyers Service reported that most unpaid wage claims involved sums of $150 to $200, and the claimants were primarily low-income workers. *Id.* at 517, 819 A.2d 354. "Concern was expressed by proponents of the bills that these employees often had no other resource available to assist them in pursuing their claims, and the proponents therefore supported both the treble damage and counsel fee provisions in the House Bill." *Id.* Business groups, however, opposed the automatic provisions for attorneys' fees and treble damages "merely in the event the court found the wage was due." *Id.* The General Assembly, in response to these

---

5. Originally, the General Assembly assigned the Wage and Hour Section of the Division of Labor and Industry the responsibility for enforcing the WPCL. *Friolo v. Frankel,* 373 Md. 501, 516, 819 A.2d 354 (2003) (*"Friolo I "*). Due to budget constraints, however, the Wage and Hour Section was eliminated. *Id.*

concerns, "struck the balance of allowing a reasonable counsel fee" only when "the employer acted wilfully—in the absence of a *bona fide* dispute." *Id.*

In light of this history, the Court of Appeals construed the statute as "remedial in nature," noting it "should therefore be given a liberal interpretation." *Id.* at 517, 819 A.2d 354.[6] The Court stated that, once a finding is made that the employer acted in the absence of a *bona fide* dispute:

> [C]ourts should exercise their discretion liberally in favor of awarding a reasonable fee, unless the circumstances of the particular case indicate some good reason why a fee award is inappropriate in that case. *See Hensley v. Eckerhart,* 461 U.S. 424, 429 [103 S.Ct. 1933, 76 L.Ed.2d 40] (1983) (holding that, under 42 U.S.C. § 1988, which allows the award of attorneys' fees in a civil rights action under § 1983, "a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust,'" quoting S.Rep. No. 94–1011, p. 4 (1976), 1976 U.S.C.C.A.N. 5908 5912).

*Id.* at 518, 819 A.2d 354.

Mr. Barufaldi characterizes the above statement as showing that "the Court of Appeals adopted the so-called '*Hensley* presumption' that successful civil rights plaintiffs should be awarded attorneys' fees absent special circumstances." The Chamber disputes the assertion that the Court, in *Friolo I,* established a legal "presumption" in favor of awarding fees to a WPCL claimant.

We agree with the Chamber on this point. A careful review of *Friolo I* shows that the Court of Appeals did not hold that the WPCL provided for a presumption in favor of attorneys' fees.

---

6. The Court of Appeals has explained that a remedial statute is one "which provide[s] a remedy, or improve[s] or facilitate[s] remedies already existing for the enforcement of rights and the redress of injuries." *Pak v. Hoang,* 378 Md. 315, 324, 835 A.2d 1185 (2003).

The issue in *Friolo* did not involve the second step of the analysis, *i.e.*, what a court must consider in determining *whether* to award a fee. In that case, the circuit court had awarded counsel fees, but Friolo was unhappy with the amount of the fee, arguing on appeal that, in conducting the third step, determining the amount of fees to award, the court failed to apply the lodestar approach. *Id.* at 510–11, 819 A.2d 354. The Court, after making clear that the issue of whether a fee was appropriate was not at issue, ultimately held that the lodestar approach ordinarily is the appropriate one to use in determining reasonable counsel fees. *Id.* at 504–05, 819 A.2d 354.[7]

In light of the procedural posture of *Friolo I*, the Court's statement regarding how the court should exercise its discretion in determining *whether* to award a fee was dicta. Accordingly, its reference to *Hensley* cannot be said to have been a holding adopting a presumption that attorneys' fees should be awarded in a case involving the WPCL.

The issue whether the WPCL contains a presumption in favor of attorneys' fees is, however, directly raised in this case, for resolution by this Court. Because Mr. Barufaldi's contention that there is a presumption is based on language from *Hensley*, we start our analysis with a review of that case.

In *Hensley*, 461 U.S. at 429, 103 S.Ct. 1933, the Supreme Court addressed a claim for attorneys' fees pursuant to 42 U.S.C. § 1988, which provides that, in federal civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys'

---

7. The Court stated:

> Frankel is correct in arguing that the decision whether to allow *any* fee is discretionary, although, as we shall explain, that discretion is to be exercised liberally in favor of allowing a fee. A fee was allowed here, and no cross-appeal *was* taken from that decision. That issue, therefore, is not before us, either as legal error or abuse of discretion. The only issue is whether, in determining the amount of the fee, the court was required, as a matter of law, to use the lodestar approach and failed to do so.

*Friolo I*, 373 Md. at 512, 819 A.2d 354.

fee as part of the cost." In interpreting that statute, the Supreme Court cited legislative history, specifically a report from Congress, indicating that the standard to be applied in awarding fees was that a prevailing party " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " *Id.* (quoting S.Rep. No. 94–1011, p. 4 (1976)), 1976 U.S.C.C.A.N. 5908 at 5912. Mr. Barufaldi argues, and our research confirms, that the language used in *Hensley* has been construed as creating a presumption that successful plaintiffs in civil rights actions should be awarded attorneys' fees, absent special circumstances. *See Eddy v. Colonial Life Ins. Co. of Am.*, 59 F.3d 201, 204 (D.C.Cir.1995).

In contexts other than civil rights, however, when a statute gives the court discretion to award attorneys' fees, courts have been reluctant to adopt a presumption in favor of awarding such fees. In *Eddy,* for example, the United States Court of Appeals for the District of Columbia addressed the proper test to be applied in determining whether to award attorneys' fees in an ERISA action. *Id.* at 204–05. The court acknowledged that the discretionary language in § 1988 was similar to that in ERISA's attorneys' fees provision,[8] in that both statutes provided that the court "may" allow attorneys' fees. *Id.* at 204. The court stated, however, that there were significant differences between the two statutes. *Id.*

Initially, the court stated:

Civil rights are constitutionally based; ERISA rights are statutory. In addition, ERISA protects economic interests, while the civil rights statutes advance dignitary as well as economic interests.... In general, statutes protecting economic interests that contain fee-shifting provisions vesting discretion in the district court do not create a presumption that a prevailing party will be awarded fees. *See Fogerty*

---

8. The ERISA statute, 29 U.S.C. § 1132(g)(1) provides, in pertinent part, that "[i]n any action under this title ... the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

[*v. Fantasy, Inc.,* 510 U.S. 517], 114 S.Ct. [1023] at 1028–29 n. 12 [127 L.Ed.2d 455 (1993) ].

*Id.* at 205–06. The Court stated that fee-shifting was "less necessary as an incentive in ERISA, not because ERISA protects unimportant interests, but because the interests it protects are monetary rather than dignitary." *Id.* at 206.

Moreover, the court stated that "the *Hensley* presumption derives not solely from the language of the civil rights statutes, but from the legislative history, which indicates congressional intent to constrain the district court's discretion to award fees." *Id.* at 205. ERISA's legislative history, by contrast, "lacks any indication that Congress intended to create a presumption in favor of awarding fees to prevailing plaintiffs." *Id.* Accordingly, the court held that "the special reasons for adopting a fee-shifting presumption in civil rights actions do not warrant adopting the presumption in ERISA cases." *Id.* at 205–06. *Accord Martin v. Ark. Blue Cross & Blue Shield,* 299 F.3d 966, 971–72 (8th Cir.2002) (adopting the reasoning in *Eddy* and joining "overwhelming majority of circuits" that have concluded that there is no presumption in favor of attorneys' fees in ERISA cases), *cert. denied,* 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003).

This Court similarly has addressed the impact of *Hensley,* or the existence of a presumption, as it applies to a claim for attorneys' fees under Maryland's Open Meetings Act. Md. Code (2009 Repl.Vol., 2011 Supp.) §§ 10–501 to 10–512 of the State Government Article ("S.G."). In *Malamis v. Stein,* 69 Md.App. 221, 223–24, 516 A.2d 1039 (1986), the plaintiffs argued that a meeting by the Board of Education violated the Open Meeting Act, and therefore, actions taken during that meeting were invalid. Although the version of what is now S.G. § 10–510(d)(5)(i), in effect at that time, provided that a court "may" assess reasonable counsel fees, the court declined to award fees in that case. *Id.* at 224–25, 516 A.2d 1039.[9]

---

**9.** At the time of the decision in *Malamis v. Stein,* 69 Md.App. 221, 516 A.2d 1039 (1986), the attorneys' fee provision was found in Maryland

On appeal, this Court rejected appellant's argument that, pursuant to the statute, whenever a plaintiff prevails in an action pursuant to the Open Meetings Act, it is an abuse of discretion to deny that prevailing party's reasonable attorneys' fees. *Id.* at 225–26, 516 A.2d 1039. The Court noted that the statute used the term "may," a word that " 'bears its ordinary significance of permission unless the context of the purpose in the statute shows that it is meant to be imperative.' " *Id.* at 226–27, 516 A.2d 1039 (quoting *Fleishman v. Kremer*, 179 Md. 536, 541, 20 A.2d 169 (1941)). Chief Judge Bell, speaking then as a member of this Court, stated that the language used by the legislature showed an intent that "trial judges determine, in their discretion, whether the circumstances warrant the award of attorney's fees or other expenses of litigation." *Id.* at 227, 516 A.2d 1039. The Court explained: "[N]o matter how desirable, or laudatory, the mandatory award of counsel fees might be in furthering the purpose of the [Open Meetings Act], we simply cannot, through the guise of statutory construction, change the plain meaning of the statute." *Id.* The Court recognized *Hensley,* and that the language in the Civil Rights Act also used the discretionary language "may," but it distinguished the interpretation of that statute based on the legislative history of § 1988. *Id.* at 228, 516 A.2d 1039.

Subsequently, in *Baltimore County v. Wesley Chapel of Bluemount Assoc.,* 128 Md.App. 180, 186, 189, 736 A.2d 1177 (1999), another case addressing the Open Meetings Act, this Court specifically addressed whether a presumption in favor of attorneys' fees was appropriate in determining whether to award attorneys' fees. Judge Sally Adkins, speaking then as a member of this Court, held that the circuit court erred in creating a rebuttable presumption that the prevailing party was automatically entitled to attorneys' fees, unless there was a showing of special circumstances why attorneys' fees should not be awarded. *Id.* at 189, 736 A.2d 1177. The Court construed such a presumption as "similar to a mandatory or

Code (1984) § 10–510(e)(5)(i) of the State Government Article, but the language has remained the same.

automatic award of fees to the prevailing party," which was contrary to the legislature's intent. *Id.* The Court stated that such a presumption " 'changes the plain meaning of the statute,' because it engrafts upon the statute a preference for shifting the fee that is not stated therein." *Id.* (quoting *Malamis,* 69 Md.App. at 227, 516 A.2d 1039). *Accord Indiana Civil Liberties Union v. Indiana Gen'l Assembly,* 512 N.E.2d 432, 434 (Ind.Ct.App.1987) (equating a presumption in favor of attorneys' fees as creating an automatic award, which was inconsistent with a legislative intent that an award be discretionary).

 Applying the above analysis to the present case, we hold that the WPCL, which provides that a court "may" award attorneys' fees to a prevailing plaintiff, does not create a presumption that the plaintiff is entitled to such fees. As in the cases discussed, *supra,* there is nothing in the legislative history of the WPCL that suggests that the General Assembly intended there to be such a presumption. Indeed, the legislative history shows that the General Assembly rejected an automatic award of attorneys' fees in favor of providing that the decision be discretionary. The initial House Bill that was introduced provided:

IF A COURT DETERMINES THAT AN EMPLOYEE IS ENTITLED TO RECOVER IN AN ACTION UNDER THIS SECTION, THE COURT **SHALL** ALLOW AGAINST THE EMPLOYER TREBLE DAMAGES AND REASONABLE COUNSEL FEES AND OTHER COSTS.

(Proposed) H.B. 1006 (1993) (emphasis added). After hearing testimony on the proposed bill, the language was changed to provide that the court "**MAY**" award treble wages and reasonable counsel fees, if there was a finding that the employer withheld the wage not as a result of a *bona fide* dispute. H.B. 1006 (1993).

This legislative history of the WPCL does not support a presumption that a prevailing party will receive an award of attorneys' fees, but rather, it provides that it is within the trial court's discretion whether to award attorney's fees. We rec-

ognize that there are policy reasons weighing in support of a presumption in favor of attorneys' fees. But, as we stated in *Malamis*, "no matter how desirable" an "award of counsel fees might be in furthering the purpose of the ... law, we simply cannot, through the guise of statutory construction, change the plain meaning of the statute." 69 Md.App. at 227, 516 A.2d 1039.[10]

Although we hold that there is no presumption in favor of attorneys' fees in a WPCL case, that does not mean that a trial court's discretion is unlimited. As the Court of Appeals has stated, albeit as dicta, "courts should exercise their discretion liberally in favor of awarding a reasonable fee." *Friolo I*, 373 Md. at 518, 819 A.2d 354. We agree and hold that, in exercising its discretion in determining whether to award attorneys' fees, the court must exercise its discretion in a manner that is consistent with the legislature's remedial purpose. Thus, in determining whether a fee award is appropriate, the court must focus on the purpose of the statute.

As indicated, the Court of Appeals has explained the statutory purpose of the WPCL as follows:

As we stated in *Friolo I*, the goal of fee-shifting statutes in general is to ensure that individuals, when injured by

---

10. We do note that other states have taken a stronger approach to attorneys' fees in wage payment cases, providing that the court "shall" award fees, a mandatory requirement that a court award attorneys' fees to the claimant if he or she is successful. *See, e.g., Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 640 (5th Cir.) (under Louisiana law, "an award of reasonable attorney's fees is mandatory when an employee brings a 'well-founded' suit for unpaid wages"), *cert. denied*, 534 U.S. 825, 122 S.Ct. 63, 151 L.Ed.2d 31 (2001); *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 661 (Ind.Ct.App.2008) (under Indiana wage payment law, a successful claimant is "entitled to attorney's fees regarding her claim for unpaid wages" because, "[u]nder the plain language of the statute, such an award is mandatory"); *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 343 (Iowa 2000) (the Iowa wage payment statute "makes the award of attorney fees mandatory in successful wage claim litigation, irrespective of whether the employer's conduct was intentional"); *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148, 151 (1997) ("an award of attorneys' fees to a prevailing employee in an action brought under the Wage Payment and Collection Law is mandatory").

violations, or threatened violations, of certain laws, have access to legal counsel by a "statutory assurance that [his or her counsel] will be paid a 'reasonable fee.' " . . . Critical to the achievement of this goal is providing a mechanism, here, the fee[-]shifting statute, and an incentive, based on a realistic expectation of reasonable compensation, for attorneys to agree to take on wage dispute cases, even where the dollar amount of the potential recovery may be relatively small.

*Friolo III,* 403 Md. at 457–58, 942 A.2d 1242. *Accord Battaglia,* 338 Md. at 364, 658 A.2d 680 (purpose of these provisions is "to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages").

We thus turn to the circuit court's analysis in the present case to determine if the factors it used were consistent with the purpose of the WPCL. In assessing whether to award fees, the court was urged to apply, and did apply, the test federal courts use in ERISA cases. The factors in this test include: (1) the opposing parties' culpability or bad faith; (2) the ability of the opposing party to pay the award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons; (4) "whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself"; and (5) the "relative merits of the parties' positions." *Quesinberry,* 987 F.2d at 1029.

Mr. Barufaldi contends that the ERISA test for an award of attorneys' fees "conflicts with the remedial principles underlying an award of attorneys' fees and costs" pursuant to the WPCL. He asserts that the specific factors the court addressed were "simply not relevant to the determination of whether to award fees and costs under" the WPCL.

We agree. We are not persuaded that the ERISA test is relevant to the WPCL's goal of enabling claimants of unpaid wage violations to obtain counsel and receive access to justice.

We address first factors one and five, and the circuit court's findings in this regard that there was "an absence of bad

faith" on the part of the Chamber and that this was a "close case." Mr. Barufaldi argues that these factors, and the court's findings with respect to these factors, amount to "second guess[ing]" the jury's finding that there was no *bona fide* dispute regarding the wages due.

The Chamber does not argue that factors one and five, and the trial court's findings regarding those factors, are relevant to a finding whether to award fees. Rather, it characterizes the circuit court's statements regarding its lack of bad faith as a reference made "perhaps gratuitously," arguing that the opinion makes clear that the court "plainly emphasized and placed the greatest weight on the inability of the Chamber to survive a fee award, the lack of any deterrent effect, and the inapplicability of the case beyond its unique facts," factors that the Chamber asserts "justify and amply support the denial of fees."

■■■ We agree with Mr. Barufaldi that the findings regarding factors one and five, regarding the parties' culpability or bad faith and the merits of the parties' positions, contradicted the jury's finding that there was no *bona fide* dispute regarding the Chamber's decision to withhold wages from Mr. Barufaldi. This Court made clear in *Barufaldi I* that the circuit court could not base its decision whether to award attorney's fees on a finding regarding the merits of the employer's reason to withhold wages. This Court explained:

> In a decision issued after the ruling on attorneys' fees in this case, the Court of Appeals clarified that, while the decision to award fees in a WPCL case is reserved to the court, the predicate for such an award—the absence of a bona fide dispute—is a jury question and may not be second guessed by the court in determining the entitlement to fees. *Programmers' Consortium, Inc. v. Clark*, 409 Md. 548, 564, 976 A.2d 290 (2009). In other words, when, as in *Programmers' Consortium*, a jury determines that wages were withheld *as a result of a bona fide dispute*, the court is without authority to award fees under the WPCL. On the other hand, when, as in the instant case, the jury determines that

wages were withheld *not* as the result of a bona fide dispute, a court may choose not to award fees for many reasons, but not on the basis that the wages in fact were withheld as a result of a bona fide dispute.

*Barufaldi I,* 196 Md.App. at 35–36, 7 A.3d 643 (footnote omitted). Because a *bona fide* dispute is a "legitimate dispute" in which the employer had a "good faith basis" to withhold wages, *Admiral Mortgage,* 357 Md. at 543, 745 A.2d 1026, the circuit court's findings that there was no bad faith on the part of the Chamber and that both parties had meritorious positions contradicted the jury's finding that the Chamber did not have a good faith basis to withhold Mr. Barufaldi's wages.

Thus, we agree that the test applied in ERISA cases is not an appropriate test for a WPCL claim. As indicated, factors one and five address an issue that is reserved for the jury, and therefore, they are inappropriate factors to consider in determining whether to award fees in a WPCL case. The trial court erred in using these factors as a basis to deny fees here.

The Chamber argues, however, that even if the court erred in placing weight on these factors, it "nonetheless advanced and explained not one but three *other* 'reasons for denying the claim for fees and costs,'" and that, "so long as the trial court did not base its decision solely (or principally) on a 'second guessing' of the jury's finding of no bona fide dispute," it was free to consider any appropriate factors bearing on the propriety of awarding fees. We disagree. We cannot determine from the record how much weight the court put on each factor or what the court's determination would have been if it had not inappropriately considered factors one and five of the ERISA test. Accordingly, we must reverse the circuit court's ruling denying attorneys' fees and costs and remand for further proceedings.

For purposes of remand, and because the court did appear to give weight to the Chamber's claim that it had no means to pay an award of attorneys' fees, we will address whether the Chamber's inability to pay is a relevant circum-

stance in determining whether to award fees. In addressing this factor on appeal, neither party cited any Maryland case recognizing the ability of the defendant to pay as a relevant factor in determining whether to trigger a fee-shifting provision. Nor have we been presented with any compelling reason why this factor would serve the purpose of the WPCL "to provide a vehicle for employees to collect, and incentive for employers to pay, back wages." *Battaglia*, 338 Md. at 364, 658 A.2d 680.[11] Indeed, we agree with the argument that it would undermine the goal of the fee-shifting provision in the WPCL if an attorney approached to represent a claimant first had to investigate the employer's financial condition to determine the likelihood that attorneys' fees would be awarded if the employee prevailed in the lawsuit.[12] We hold that the financial situation of the defendant is not a relevant factor to consider in determining whether to award attorneys' fees in a WPCL case.

Because the court applied an improper test in determining to deny an award of attorneys' fees, we reverse the judgment of the circuit court. On remand, in assessing whether to award fees and costs, the circuit court should exercise its discretion liberally, in a manner consistent with the purposes of the WPCL.[13]

---

**11.** We note that, in the context of federal civil rights, courts have determined that a defendant's ability to pay or financial hardship is not a circumstance that should factor into the court's decision to award attorneys' fees. *See, e.g., Entm't Concepts Inc., III v. Maciejewski,* 631 F.2d 497, 507 (7th Cir.1980) ("Defendants make some reference to their ability to pay a fee award.... [A]bility to pay is not a 'special circumstance' that will bar an award of attorneys' fees to a successful plaintiff."), *cert. denied,* 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981); *Coppedge v. Franklin County Bd. of Educ.,* 345 F.Supp.2d 567, 570 (E.D.N.C.2004) ("Most courts that have considered the issue have determined that the ability, or inability, to pay attorney's fees is not a 'special circumstance' warranting the denial of an award.").

**12.** Moreover, even if the employer's asserted inability to pay was a relevant factor, the employee would need to be given the opportunity to challenge the assertion, rather than, as occurred here, the court relying solely upon an affidavit, with the employee given no opportunity to cross-examine the declarant or engage in discovery to challenge the assertion.

JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE, THE OCEAN CITY, MARYLAND CHAMBER OF COMMERCE.

13. Although we do not purport to list all factors that may be relevant in a determination whether to award attorneys' fees, factors that weigh in favor of denying attorneys' fees could include the claimant's misconduct or rejection of a settlement offer more favorable than the judgment obtained.